Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Proposed Lead Plaintiff*
*Jeyakumar VS Menon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREVOR WAYNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**JEYAKUMAR VS MENON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge:  Hon. Edward M. Chen<br>Date:    October 10, 2024<br>Time:    1:30 p.m.<br>Courtroom:   5 – 17th Floor |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

I.     MENON SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ............... 2

       A.     Menon Is The Presumptive Lead Plaintiff .................................................. 3

       B.     Menon Has The Largest Financial Interest In The Relief Sought By The Class.... 3

       C.     Menon Satisfies Rule 23 ............................................................................... 5

II.    MENON'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL
       SHOULD BE APPROVED ............................................................................................ 6

III.   THE COMPETING MOTIONS SHOULD BE DENIED ................................................. 7

IV.    CONCLUSION ............................................................................................................... 8

i

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................................................6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................................................................3, 5, 8

*In re Century Aluminum Co. Sec. Litig.*,
    No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009)..............................................6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) .....................................4

*In re Countrywide Fin. Corp. Sec. Litig.*,
    273 F.R.D. 586 (C.D. Cal. 2009) ..............................................................................................6

*In re Diamond Foods, Inc., Sec. Litig.*,
    281 F.R.D. 405 (N.D. Cal. 2012)...............................................................................................4

*Feyko v. Yuhe Int'l Inc.*,
    No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .......................................6

*In re Heritage Bond Litig.*,
    No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004) ...............................5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................................4

*Kokkinis v. Aegean Marine Petroleum Network Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)...........................6

*Miller v. Ventro Corp.*,
    No. 01-CV-1287, 2001 WL 34497752 (N.D. Cal. Nov. 28, 2001) ...........................................5

*Query v. Maxim Integrated Prods., Inc.*,
    558 F. Supp. 2d 969 (N.D. Cal. 2008) ......................................................................................4

*Richardson v. Tvia, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apri. 16, 2007) ...................................4

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005)...............................................................................................5

*Weisz v. Calpine Corp.*,
    No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ........................................5

ii

*Wolfe v. AspenBio Pharma, Inc.*,
   275 F.R.D. 625 (D. Colo. 2011) ...................................................................................................8

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ...............................................................................................................5

Anne Cullen,
   *More Judges Are Demanding Diversity Among Class Counsel*,
   Law360 (July 16, 2020) .............................................................................................................7

Ralph Chapoco,
   *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
   Bloomberg Law (July 30, 2020) ...............................................................................................7

**JEYAKUMAR VS MENON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-03869-EMC**

Jeyakumar VS Menon ("Menon") respectfully submits this memorandum of law in opposition to competing lead plaintiff motions and in further support of his motion for an Order: (1) appointing Menon as Lead Plaintiff in the above-captioned action; (2) approving Menon's selection of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.[1]

## INTRODUCTION

On August 26, 2024, shareholders of Maxeon Solar Technologies, Ltd. ("Maxeon" or the "Company") filed motions with this Court for appointment as lead plaintiff (and for appointment of their counsel as lead counsel) under the PSLRA. *See* ECF No. 16 at 1 (Anthony Kulesza ("Kulesza")); ECF No. 20 at 1 (Menon); ECF No. 26 at 1 (Preston A. Ross ("Ross")); and ECF No. 30 at 1 (Mark Regan ("Regan")). The movants argued that they should be appointed lead plaintiff on the grounds that each movant had the largest losses and otherwise met the adequacy and typicality requirements of Fed. R. Civ. P. 23.

Under Section 21D of the Exchange Act, as amended by the PSLRA, Congress established a **presumption in favor** of appointment as Lead Plaintiff the movant who demonstrates the "largest financial interest" in the litigation and who makes a prima facie showing that the class member satisfies the PSLRA's procedural requirements and Rule 23's typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted "only upon proof" that the presumptively most adequate plaintiff will not fairly and adequately protect the class interest or will be subjected to "unique defenses that render that plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1]   All terms not otherwise defined herein shall have the same meaning as those terms in the Notice of Motion and Motion of Jeyakumar VS Menon for Appointment as Lead Plaintiff and Approval of Lead Counsel; Memorandum of Points and Authorities in Support Thereof ("Opening Brief"). ECF No. 20. All references to "Ex. __" are exhibits to the Declaration of Lisa T. Omoto in Support of Motion of Jeyakumar VS Menon for Appointment as Lead Plaintiff and Approval of Lead Counsel. ECF No. 21. All citations and internal quotation marks are omitted and all emphases are added unless otherwise noted.

1

**JEYAKUMAR VS MENON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-03869-EMC**

Menon is clearly the presumptive Lead Plaintiff under the PSLRA. With losses of $124,434.32, Menon clearly possesses the largest financial interest in the Action compared to the other remaining Lead Plaintiff movants. *See* Opening Brief (ECF No. 20 at 2, 7); Menon's PSLRA Certification (Ex. B, ECF No. 21-2) and Loss Chart (Ex. C, ECF No. 21-3). The movant with the next largest loss, Ross, reported losses of only $37,460.00 (approximately 30% of the losses of Menon). *See* Ross Opening Brief (ECF No. 26 at 7); Loss Chart (ECF No. 27 at 5) and PSLRA Certification (ECF No. 27 at 7-9). The other two movants' losses of $32,358.90 (Regan) (*see* Regan Opening Brief (ECF No. 30 at 5), PSLRA Certification (ECF No. 31-2), and Loss Chart (ECF No. 31-3)), and $18,015.22 (Kulesza) (*see* Kulesza Opening Brief (ECF No. 16 at 6), PSLRA Certification (ECF No. 17-2), and Loss Chart (ECF No. 17-3), also are far lower than Menon's losses. This Court should therefore adopt the presumption provided by the PSLRA that Menon is the most adequate Lead Plaintiff and appoint him Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Menon also meets Rule 23's typicality and adequacy requirements. Menon, a U.S. citizen residing in Raleigh North Carolina, has a degree in electrical engineering and works for Cisco Systems. Ex. D, ECF No. 21-4 at ¶¶ 2-4. Menon has been investing in the stock market since 2006 and makes all of his own investment decisions (*id.* at ¶ 5), and understands the duties and responsibilities of being Lead Plaintiff, including fiduciary duties to the class. *Id.* at ¶ 6.

For the reasons summarized above and explained further below, Menon respectfully asks this Court to grant his Motion to be appointed Lead Plaintiff and approve his selection of the Faruqi Firm to act as Lead Counsel.

<b>ARGUMENT</b>

**I.    MENON SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

As described in his Opening Brief, Menon has met all of the PSLRA requirements to be appointed Lead Plaintiff in this case.

2

Menon timely filed a motion to be appointed lead plaintiff. *See* Opening Brief 5-6. Further, as demonstrated in his opening motion papers, Menon has the largest financial interest in the outcome of the case and otherwise satisfies Rule 23. *Id*. at 6-9.

### A. Menon Is The Presumptive Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).

As described in his opening brief, Menon has fully satisfied the PSLRA's requirements for appointment of Lead Plaintiff. *See generally* Menon's Lead Plaintiff Motion (ECF Nos. 20 and 21). His motion was timely filed and included the required certification identifying all of their relevant transactions in Maxeon securities during the Class Period showing that he has the largest financial interest in the case. *See* Opening Br. 5-7. Menon also filed the required documentation showing that his claims are typical of the class, and that he will be an adequate representative as required under Rule 23. *See id*. at 7-9. Menon should therefore be appointed Lead Plaintiff.

### B. Menon Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Menon clearly is that person.

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit typically look to

3

four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 973 (N.D. Cal. 2008); *Richardson v. Tvia, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apri. 16, 2007). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Richardson*, 2007 WL 1129344, at *4; *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012) ("The fourth factor, approximate loss, is generally considered the most important factor."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) ("Courts applying the *Olsten* test generally place the greatest emphasis on the last of these factors[,]" *i.e.*, approximate losses).

As illustrated in the table below, Menon is indisputably the movant with the largest financial loss:

| Movant(s) | Total Shares Acquired | Net Shares Acquired | Net Funds Expended | Losses |
|---|---|---|---|---|
| **Jeyakumar VS Menon** | 69,950 | 38,150 | $147,702.00 | -$124,434.32 |
| **Preston A. Ross** | 13,115 | 13,115 | $45,554.00 | -$37,460.00 |
| **Mark Regan** | 12,787 | 12,787 | $40,157.06 | -$32,358.90 |
| **Anthony Kulesza** | 5,650 | 5,650 | $21,502.49 | -$18,015.22 |

As shown above, Menon has the largest financial loss among the movants. Menon also expended the most funds in connection with purchases of Maxeon securities and purchased and retained the largest number of shares.

Given that Menon asserts the largest financial losses among the movants by a substantial

4

margin, Menon is entitled to invoke the PSLRA's "most adequate plaintiff" presumption.

**C.      Menon Satisfies Rule 23**

The PSLRA also requires that the lead plaintiff satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See Cavanaugh*, 306 F.3d at 730; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 671 (C.D. Cal. 2005) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

Menon's claims are clearly typical of the Class's claims. Menon acquired Maxeon securities during the Class Period, suffered damages as a result of the false and misleading statements made by Defendants, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Menon's claims are similar to those of the Class's claims, he necessarily satisfies the typicality requirements. *See Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *9 (N.D. Cal. Aug. 19, 2002) (finding movants typical when they "acquired securities during the Class Period, at prices allegedly inflated by the defendants' misconduct, and sustained damages as a result."); *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.")

Menon will also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The requirement of adequacy is satisfied on proof of (1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the representative parties is qualified, experienced and able to vigorously conduct the proposed litigation. *See Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *12 (N.D. Cal. Nov. 28, 2001) ("The Ninth Circuit has held that representation is 'adequate' when counsel for the

5

class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive."); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Menon's certification, *see* Ex. B (ECF No. 21-2), Menon's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *4 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Kokkinis v. Aegean Marine Petroleum Network Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (same); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (same).  Contemporaneously with the filing of the instant motion, Menon has submitted a Declaration with additional information about himself, his work and educational background, and experience investing, clearly demonstrating his adequacy to represent class members. Ex. D ¶¶ 2-5 (ECF No. 21-4). He has been investing in the stock market since 2006, managing his own investments. *Id*. at ¶ 5.

## II.    MENON'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Menon is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

Menon has selected the Faruqi Firm to be Lead Counsel for the Class.  The Faruqi Firm is a minority-owned and woman-owned[2] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs,

---

[2]    *See* Ex. F (ECF No. 21-6).

6

including securities class actions. *See* Opening Brief 9-12; Ex. E, Faruqi Firm resume (ECF No. 21-5).

Further, the Faruqi Firm currently serves as lead counsel in several prominent securities class actions. *See, e.g., Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Wang v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Hawes v. Argo Blockchain plc*, No. 1:23-cv-07305-CM (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[3]  Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel.  Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.  *See* https://www.faruqilaw.com/our-attorneys.

## III.   THE COMPETING MOTIONS SHOULD BE DENIED

All of the other movants possess significantly smaller financial interests in the outcome

---

[3]      *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, Law360 (July 16, 2020), https://www.law360.com/articles/ 1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

7

**JEYAKUMAR VS MENON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-03869-EMC**

of this litigation than Menon, as set forth in the chart above and therefore does not meet this requirement under the PSLRA to be appointed lead plaintiff. Section I.B, *supra*. Therefore, under the PSLRA, the competing movants' motions for lead plaintiff should be denied. *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Consequently, because the other movants, Ross, Regan and Kulesza, have significantly lower losses than Menon and have offered no proof that Menon is inadequate to serve as Lead Plaintiff to rebut the presumption in his favor, their motions should be denied. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *Wolfe v. AspenBio Pharma, Inc*., 275 F.R.D. 625, 628 (D. Colo. 2011).

**IV.    CONCLUSION**

Accordingly, Menon respectfully requests that the Court: (1) appoint Menon as Lead Plaintiff for the Action; (2) approve his selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  September 9, 2024                          Respectfully submitted,

By: /s/ *James M. Wilson, Jr.*
         James M. Wilson, Jr.

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617

Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

Lisa T. Omoto SBN 303830
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff
Jeyakumar Menon and [Proposed] Lead
Counsel for the putative Class*

9

**JEYAKUMAR VS MENON'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; Case No. 3:24-cv-03869-EMC**