POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Preston A. Ross and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR WAYNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No.: 3:24-cv-03869-EMC<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>CLASS ACTION<br><br>Date:  October 10, 2024<br>Time:  1:30 p.m.<br>Judge:  Hon. Edward M. Chen<br>Courtroom:  5 – 17th Floor |

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     ARGUMENT .............................................................................................................4

        A.      THE PSLRA'S STATUTORY PRESUMPTION FAVORING ROSS'S
                APPOINTMENT AS LEAD PLAINTIFF HAS NOT BEEN REBUTTED...........4

        B.      MENON'S SILENCE ON HIS CONFLICTING MOTIONS AND
                ERRONEOUS SUBMISSIONS WARRANTS DENIAL OF HIS REMAINING
                MOTION.......................................................................................................9

III.    CONCLUSION .........................................................................................................13

PROOF OF SERVICE...........................................................................................................15

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A.
ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION
TO COMPETING MOTIONS - 3:24-cv-03869-EMC

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bodri v. Gopro, Inc.*,
No. 16-CV-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ......................... 3, 5, 8

*Camp v. Qualcomm Inc.*,
No. 18-CV-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ......................... 10

*Chupa v. Armstrong Flooring, Inc.*,
No. 219CV09840CASMRWX, 2020 WL 1032420 (C.D. Cal. Mar. 2, 2020)............... 2, 5, 6

*Clifton v. Willis*,
No. 22-CV-03161-DDD-JPO, 2024 WL 1508832 (D. Colo. Mar. 5, 2024) ......................... 7

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19-CV-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ............................................ 11

*In re: Facebook Priv. Litig.*,
No. 10-CV-02389-RMW, 2016 WL 4585817 (N.D. Cal. Sept. 2, 2016)........................... 6, 7

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*,
No. CIV A 07-177 FLW, 2007 WL 2683636 (D.N.J. Sept. 7, 2007).................................. 11

*Karp v. Diebold Nixdorf, Inc.*,
No. 19 CIV. 6180(LAP), 2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019) ............... 4, 10, 12, 13

*Lako v. Loandepot, Inc.*,
No. 821CV01449JLSJDE, 2022 WL 1314463 (C.D. Cal. May 2, 2022)............................ 10

*McDermid v. Inovio Pharms., Inc.*,
467 F. Supp. 3d 270 (E.D. Pa. 2020) .............................................................................. 10

*Meyer v. Portfolio Recovery Assocs., LLC*,
707 F.3d 1036 (9th Cir. 2012) ............................................................................................ 6

*Pardi v. Tricida, Inc.*,
No. 21-CV-00076-LHK, 2021 WL 1381271 (N.D. Cal. Apr. 2, 2021) ............................. 4, 9

*Rodriguez v. DraftKings Inc.*,
No. 21 CIV. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021).................... 4, 9, 10

*Scuderi v. Mammoth Energy Servs., Inc.*,
No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) .............................. 5

*Singer v. Nicor, Inc.*,
   No. 02 C 5168, 2002 WL 31356419 (N.D. Ill. Oct. 17, 2002) ............................................... 10

*Sneed v. AcelRx Pharmaceuticals, Inc.*,
   No. 21-CV-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021) ................................. 6

*Tomaszewski v. Trevena, Inc.*,
   383 F. Supp. 3d 409 (E.D. Pa. 2019) ................................................................................. 11

*Tsirekidze v. Syntax-Brillian Corp.*,
   No. CV-07-2204-PHX-FJM, 2008 WL 942273 (D. Ariz. Apr. 7, 2008) ................................. 9

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................... 1

Private Securities Litigation Reform Act of 1995 ...............................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 1, 2, 4, 10

Movant Ross[1] respectfully submits this Reply Memorandum of Points and Authorities in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 26); and in opposition to the competing motions of: (i) Menon (Dkt. No. 20);[2] and (ii) Regan (Dkt. No. 30).[3]

## I.   PRELIMINARY STATEMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii).  This presumption can only be rebutted upon "***proof***" that the presumptive "most adequate plaintiff" is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

Here, as discussed at length in his moving and opposition briefs (Dkt. Nos. 26, 40), only Ross satisfies the statutory criteria to be entitled to the "most adequate plaintiff" presumption. First, Ross has the largest financial interest among the eligible competing movants, having incurred a loss of approximately $37,460 in connection with his Class Period purchases of Maxeon securities.  *See* Dkt. No. 27 at *5.  Although one competing movant, Menon, claims to have incurred a larger investment loss than Ross, Menon is inadequate under Rule 23 as described

---

[1] All capitalized terms herein are defined in Ross's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 26, 40.

[2] As discussed herein and more fully in Ross's opposition brief (Dkt. No. 40), Menon filed two competing motions through different counsel.  *See* Dkt. Nos. 12, 20.  On August 27, 2024, Menon withdrew his first-filed motion.  *See* Dkt. No. 34.

[3] Initially, one other putative Class member, Kulesza, filed a similar competing motion.  *See* Dkt. No. 16.  On September 13, 2024, Kulesza withdrew his competing motion, acknowledging that he "does not have the largest financial interest in the relief sought by the class, as required by the PSLRA."  Dkt. No. 43 at 1.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

in greater detail below, and thus ineligible for appointment as Lead Plaintiff irrespective of the size of his investment losses. Second, Ross has robustly demonstrated his typicality and adequacy under Rule 23, including through a detailed declaration attesting to his decision to seek appointment as Lead Plaintiff, his reason for choosing Pomerantz as Lead Counsel, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder those responsibilities on behalf of the Class. *See* Dkt. No. 27 at *11-14.

The only other eligible competing movant, Regan, does not dispute that Ross has claimed a larger loss than him. *See* Dkt. No. 41 at 2. Rather, Regan opposes Ross's appointment because of purportedly "serious adequacy issues", claiming that "Ross apparently failed to disclose to the Court his litany of arrests, including for serious misconduct," which "raises acute concerns about Ross's candor and adequacy to serve as lead plaintiff that warrant denial of his motion." Dkt. No. 41 at 1. Regan's position is both legally meritless and factually incorrect, as Regan's own submissions reflect. *See generally* Dkt. Nos. 41-2 ("Regan's Exhibit A"), 41-3 ("Regan's Exhibit B"), 41-4 ("Regan's Exhibit C" and, collectively with Regan's Exhibit A and B, the "Exhibits"). Factually, Regan's Exhibits reflect neither a "litany of arrests" nor "serious misconduct" by Ross. As a matter of law, the events described in the Exhibits are irrelevant to Ross's adequacy because Ross was not convicted of any crime, the matters at issue in Regan's Exhibits occurred long ago, and none of the allegations at issue related to Ross's candor or truthfulness. *See* Dkt. No. 41-2 at *5 (showing a 2017 criminal charge against Ross was "Dropped/Abandoned"); Dkt No. 41-3 at *2 (showing a 1996 civil infraction charge against Ross was closed after payment of a $25.00 fine); Dkt. No. 41-4 at *3 (showing a 1999 civil action against Ross was dismissed by the court with costs paid by plaintiff); *see also Chupa v. Armstrong Flooring, Inc.*, No. 219CV09840CASMRWX, 2020 WL 1032420, at *4 (C.D. Cal. Mar. 2, 2020) (declining to rebut

2

the PSLRA's statutory presumption in a lead plaintiff movant's favor because there was "no contention or evidence that [the movant]'s nearly twenty-year-old conviction for bank robbery is related to the securities fraud alleged in this case . . . [or] demonstrates 'past dishonesty' that might suggest the inability to serve as a fiduciary"). Ross can hardly be faulted for failing to disclose cases against him from many years ago that were either dropped or dismissed, much less a civil infraction from nearly 30 years ago that resulted in a $25.00 fine, especially since none of these matters implicated his honesty or trustworthiness. *See Bodri v. Gopro, Inc.*, No. 16-CV-00232-JST, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (""There is inadequacy only where the representative's credibility is questioned on ***issues directly relevant to the litigation*** or ***there are confirmed examples of dishonesty***."" (emphases added) (quoting *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010))). Ross has also submitted herewith a sworn Supplemental Declaration in further support of his motion providing further context for the events described in Regan's Exhibits. *See* Reply Declaration of Jennifer Pafiti in Further Support of Motion ("Suppl. Pafiti Decl."), Ex. A.

Although one competing movant, Menon, claims a larger loss than Ross, Menon is inadequate and thus ineligible for appointment as lead plaintiff under the PSLRA, as discussed more fully in Ross's opposition brief (*see* Dkt. No. 40 at 3-4, 9-16), because (i) he directed the submission of two separate, conflicting motions for lead plaintiff and lead counsel appointment on his behalf (*see* Dkt. Nos. 12, 20), and (ii) his submissions to the Court in support of his duplicative motions are riddled with inconsistencies and errors, providing conflicting information regarding the prices at which he paid for and sold his Maxeon shares, the number of accounts he used to complete these transactions, his total losses suffered from these transactions, and his own experience as an investor. Either of these issues, standing alone, is sufficient to disqualify Menon

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

from consideration for appointment as Lead Plaintiff. *See Pardi v. Tricida, Inc.*, No. 21-CV-00076-LHK, 2021 WL 1381271, at *2 (N.D. Cal. Apr. 2, 2021) (finding a lead plaintiff movant "does not meet the adequacy requirement of Federal Rule of Civil Procedure 23(a)" where they filed two conflicting motions with two different law firms); *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6 (S.D.N.Y. Nov. 12, 2021) (finding errors in movant's "submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative"). Rather than clarifying how or why two conflicting motions for lead plaintiff and lead counsel appointment were filed on his behalf, or which of the conflicting figures littering his two competing submissions are accurate, Menon has chosen to bury his head in the sand, remaining silent on these issues for up ***three weeks*** after the filing of his conflicting motions. This further casts doubt on Menon's diligence and candor, and thus on his fitness to oversee this litigation on behalf of the Class of hundreds or thousands of defrauded investors in this Action. *See Karp v. Diebold Nixdorf, Inc.*, No. 19 CIV. 6180(LAP), 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019), *adhered to on reconsideration*, No. 19 CIV. 6180 (LAP), 2019 WL 6619351 (S.D.N.Y. Dec. 5, 2019).

For the reasons set forth herein, Ross respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    THE PSLRA'S STATUTORY PRESUMPTION FAVORING ROSS'S APPOINTMENT AS LEAD PLAINTIFF HAS NOT BEEN REBUTTED

Regan claims that "Ross . . . has serious adequacy issues" because he "apparently failed to disclose to the Court his [non-existent] litany of arrests, including for [purported] serious misconduct", which allegedly "raises acute concerns about Ross's candor and adequacy to serve

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

as lead plaintiff that warrant denial of his motion." Dkt. No. 41 at 1. Regan is wrong, and his position is as puzzling as it is disingenuous.

Ross's failure to disclose the events described in Regan's Exhibits does not impugn his adequacy because they are irrelevant to his candidacy to serve as a Class representative. "[I]t is well established that a criminal history alone does not defeat an individual's adequacy as a class representative." *Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *5 (W.D. Okla. Sept. 13, 2019). "'There is inadequacy only where the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty.'" *Bodri*, 2016 WL 1718217, at *5 (quoting *Harris*, 753 F. Supp. 2d at 1015). Indeed, even when considering lead plaintiff movants who had actually been *convicted* of crimes (as opposed to merely being charged with a crime, as Ross was), courts in the Ninth Circuit, including in this District, have repeatedly refused to disqualify said movants under the PSLRA where the conduct at issue occurred years before the movant sought appointment as lead plaintiff or did not otherwise bear on the movant's fitness to serve as a class representative. The Honorable Christina A. Snyder's decision in *Chupa*, another PSLRA case in the Ninth Circuit that dealt with competing lead plaintiff motions, is instructive. *See* 2020 WL 1032420, at *3-4. There, one lead plaintiff movant argued that a competing movant with larger losses was inadequate under the PSLRA because, *inter alia*, he "pled guilty to, and was convicted for, armed bank robbery in 2001 and sentenced to 97 months in federal prison." *Id.* at 3. Judge Snyder found this argument "unavailing" because, "in general, Courts *only* disqualify a proposed lead plaintiff because of his prior criminal history if his prior convictions are *related* to the claims they seek to prosecute on behalf of the proposed class." *Id.* (emphases in original). Accordingly, Judge Snyder found that "[s]ince there is no contention or evidence that [movant]'s nearly twenty-

5

year-old conviction for bank robbery is related to the securities fraud alleged in this case, . . . his conviction should only preclude [him] from serving as lead plaintiff if that conviction demonstrates 'past dishonesty' that might suggest the inability to serve as a fiduciary." *Id.* at 4. Judge Snyder concluded that because ""bank robbery is not per se a crime of dishonesty"" in the Ninth Circuit, the "crime . . . occurred nearly twenty years ago, and it does not relate to [the movant's] role as a class representative in this case", the presumption favoring that movant's appointment as lead plaintiff under the PSLRA had not been rebutted and appointed said movant lead plaintiff. *Id.* at *4-5 (quoting *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995)); *see also In re: Facebook Priv. Litig.*, No. 10-CV-02389-RMW, 2016 WL 4585817, at *5-6 (N.D. Cal. Sept. 2, 2016) (finding felony embezzlement conviction from two years prior did not render class representative inadequate or atypical); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (holding that district court did not abuse its discretion in finding that class representative's convictions involving deceptive conduct that were more than 10 years old did not render class representative inadequate).

The two cases on which Regan relies in support of his position are easily distinguished, as they involved a movant who failed to disclose a prior ***conviction*** for a serious crime, the nature of which crime, in addition to other factors, raised questions about the movant's honesty and thus his fitness to serve as a class fiduciary. In *Sneed v. AcelRx Pharmaceuticals, Inc.*, the court found that a lead plaintiff movant that was indicted "for embezzling over $900,000 from two different companies at which he was employed" was inadequate under the PSLRA because "[h]is offenses were serious financial crimes involving misappropriation of funds to which [he] was entrusted as an employee of those companies," he "declined to submit an additional declaration explaining the offenses," and he "fail[ed] to disclose his prior felony embezzlement ***conviction*** to his own

attorney[.]"   No. 21-CV-04353-BLF, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) (emphasis added).  Likewise, in *Clifton v. Willis*, the court found that a lead plaintiff movant that "was ***convicted*** of conspiracy and the collection of extension of credit by extortionate means . . . and sentenced to 57 months in prison" was inadequate under the PSLRA because that movant "displayed a lack of candor with the Court regarding his past ***conviction***" for "serious crimes" and his "use of aliases—and lack of disclosure regarding the same—raise[d] further questions about his ability or desire to be straightforward with the putative class or the Court."  No. 22-CV-03161-DDD-JPO, 2024 WL 1508832, at *3-5 (D. Colo. Mar. 5, 2024) (emphases added), *report and recommendation adopted*, No. 1:22-CV-03161-DDD-JPO, 2024 WL 1508831 (D. Colo. Mar. 26, 2024).

Here, by contrast, Ross was ***not convicted of any crime***, nor did the allegations against Ross implicate his honesty or otherwise reflect on his fitness to serve as a fiduciary.  Moreover, all of the events at issue in Regan's Exhibits occurred long ago.  *See* Dkt. No. 41-2 at *5 (showing a 2017 criminal charge against Ross was "Dropped/Abandoned"); Dkt No. 41-3 at *2 (showing a 1996 civil infraction charge against Ross was closed after payment of a $25.00 fine); Dkt. No. 41-4 at *3 (showing a 1999 civil action against Ross was dismissed by the court with costs paid by plaintiff).  There is no support for Regan's irresponsible claim that Ross was the subject of a "litany of arrests" nor "serious misconduct".  Dkt. No. 41 at 1, 6.

- Only one of Regan's Exhibits, Exhibit A, relates to alleged criminal misconduct, and details only a single arrest—not a "litany of arrests" (Dkt. No. 41 at 1, 6).  *See generally* Dkt. No. 41-2.  Moreover, Exhibit A clearly indicates that this single criminal charge against Ross ***over seven years ago*** was ***"Dropped/Abandoned" within a month***.  *See id.* at *4-5 (emphasis added).  Ross has attested that "the charge at issue was . . . dropped" after he provided video evidence to his attorney.  Suppl. Pafiti Decl., Ex. A ¶ 4.

- Likewise, Regan's Exhibit B, the only one of Regan's Exhibits that relates to a case against Ross that was ***not*** dropped or dismissed, shows that Ross paid a ***$25.00 fine***

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

for a **civil infraction** nearly **thirty years ago**—hardly proof of "serious misconduct" (Dkt. No. 41 at 1)—and, based on the docket entries that appear in that exhibit, that case was apparently closed within five days.[4]  Dkt No. 41-3 at *2.  Ross has attested that "[o]n the date in question, [he] had inadvertently left [his] license to carry a concealed weapon at home".  Suppl. Pafiti Decl., Ex. A ¶ 5.

- Finally, Regan's Exhibit C shows that another **civil** action initiated against Ross **over twenty-five years ago** was **dismissed** approximately **three months** after it was initiated, with **court costs paid by the plaintiff**.  *See* Dkt No. 41-4 at *2-3.  Ross has explained that the allegations at issue related to messages that he had left on the plaintiff's answering machine, and that "[a]fter these messages were played in court, the case was dismissed".  Suppl. Pafiti Decl., Ex. A ¶ 6.

In sum, Regan's Exhibits reflect neither a "litany of arrests" nor "serious misconduct" and are irrelevant to Ross's adequacy because Ross was not convicted of any crime, the matters at issue in Regan's Exhibits occurred long ago, and none of the allegations at issue related to Ross's candor or truthfulness.  Indeed, Regan's Exhibits are wholly consistent with Ross's attestation in his sworn Supplemental Declaration that he "ha[s] never been convicted of any crime."  Suppl. Pafiti Decl., Ex. A ¶ 7.  Accordingly, Ross's failure to disclosure these matters in no way implicates his candor and fitness to serve as a fiduciary.  *See Bodri*, 2016 WL 1718217, at *5 (""There is inadequacy only where the representative's credibility is questioned on issues ***directly relevant to the litigation*** or there are confirmed examples of dishonesty."" (emphasis added) (quoting *Harris*, 753 F. Supp. 2d at 1015)).

Regan's irresponsible assertions evince a troubling willingness to ignore inconvenient facts, as well as leap to factually unsupported conclusions following apparently minimal investigation, all to gain a perceived advantage in connection with his motion.  *See* Dkt. No. 41 at 1, 6.  Regan's willingness to impugn the integrity of a fellow Class member only calls into question his own adequacy to represent the Class in this litigation, a role which will require him

---

[4] The oldest docket entry appearing in Regan's Exhibit B is dated  May 10, 1996, and the case was closed on May 15, 1996.  *See* Dkt. No. 41-3 at *2.

to subordinate his own interests to those of the Class as a whole. Further undermining Regan's own adequacy is the presence of evident errors in his opposition brief. While the caption and footer of his brief references an alternative request for discovery, the body of the brief makes no mention of discovery. *See generally* Dkt. No. 41; *see also DraftKings*, 2021 WL 5282006, at *6 (finding "[t]he slovenliness of [a movant's] submissions [to be] undoubtedly relevant and concerning" with respect to "the Court's assessment of his adequacy as a putative class representative").

## B.     MENON'S SILENCE ON HIS CONFLICTING MOTIONS AND ERRONEOUS SUBMISSIONS WARRANTS DENIAL OF HIS REMAINING MOTION

Although one competing movant, Menon, claims a larger loss than Ross, Menon is inadequate and thus ineligible for appointment as Lead Plaintiff under the PSLRA, irrespective of his financial interest in this litigation, as discussed in detail in Ross's opposition brief. *See* Dkt. No. 40 at 3-4, 9-16. Menon is inadequate for two separate, equally fatal reasons: (i) he directed the submission of two separate, conflicting motions for lead plaintiff and lead counsel appointment (*see* Dkt. Nos. 12, 20), filed by two different law firms each seeking its own appointment as lead counsel to the exclusion of the other; and (ii) his submissions to the Court in support of his duplicative motions are riddled with inconsistencies and errors.

Courts routinely disqualify lead plaintiff movants like Menon who file multiple, conflicting lead plaintiff motions under the PSRLA because it calls into question their understanding regarding the significance of their motions and their ability to adequately oversee and direct counsel. *See Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (finding group of lead plaintiff movants inadequate where one member of the group filed a second, competing motion); *Pardi v. Tricida, Inc.*, No.

9

21-CV-00076-LHK, 2021 WL 1381271, at *2 (N.D. Cal. Apr. 2, 2021) (finding a lead plaintiff movant "does not meet the adequacy requirement of Federal Rule of Civil Procedure 23(a)" where one member of a movant group "filed a competing individual motion with different counsel"); *Singer v. Nicor, Inc.*, No. 02 C 5168, 2002 WL 31356419, at *2 (N.D. Ill. Oct. 17, 2002) ("The court views this 'mis-communication' as a more serious problem, however. [Movant]'s unknowing retention of two different law firms and filing of two motions for appointment as lead plaintiff reveal conflicts within [movant] that make it unsuitable to make decisions on behalf of the class."); *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 279-80 (E.D. Pa. 2020) (refusing to appoint lead plaintiff movant group where one of its members individually filed a dueling lead plaintiff motion with another law firm and noting that "the Inovio Group seems to concede that [movant]'s conduct renders him inadequate").

Likewise, courts routinely treat inconsistencies and errors in a lead plaintiff movant's submissions as fatal, particularly where, as here, they "str[i]k[e] at the core of the PSLRA's lead plaintiff inquiry: determining which movant holds the largest financial stake in the litigation" and deny lead plaintiff motions on such grounds, finding the movant in question inadequate. *Karp*, 2019 WL 5587148, at *6; *see also Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (errors in sworn certification, transactions records, and loss calculations prohibit a movant from satisfying the adequacy and typicality requirements of Rule 23); *Lako v. Loandepot, Inc.*, No. 821CV01449JLSJDE, 2022 WL 1314463, at *5 (C.D. Cal. May 2, 2022) (expressing "serious concerns about the typicality of [a group]'s members and its ability to protect the interests of absent class members fairly and adequately" because it "failed to select and apply a rational and consistently applied methodology for calculating its losses"); *Rodriguez*, 2021 WL 5282006, at *6, *9 (finding "[t]he slovenliness of [movant]'s submissions

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative" and disqualifying said movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-CV-02394, 2020 WL 476658, at \*5-6 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (disqualifying movant with the largest loss when errors in sworn certification demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, No. CIV A 07-177 FLW, 2007 WL 2683636, at \*7-8 n.8 (D.N.J. Sept. 7, 2007) (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation").

Here, Menon's submission of two conflicting motions proposing different law firms as lead counsel—thereby effectively filing competing motions against *himself*—clearly evidences his lack of diligence, experience, and oversight necessary to direct this complex securities class action and, standing alone, is sufficient grounds to deny his motion. *See* Dkt. Nos. 12, 20. Likewise, in support of his duplicative motion submissions, Menon has provided conflicting information to the Court regarding the prices at which he paid for and sold certain of his Maxeon shares, the number of accounts he used to complete these transactions, his total losses suffered from these transactions, and even his own experience as an investor. *Compare* Dkt. No. 13-2 at \*2-3 (attesting "under penalty of perjury" in his sworn Rosen Certification that he, *inter alia*, sold 4,800 Maxeon shares at $5.79 per share and purchased 100 Maxeon shares at $3.99 per share),

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

*with* Dkt. No. 21-2 at \*2-3 (attesting "under penalty of perjury" in his sworn Faruqi Certification that he, *inter alia*, sold the same 4,800 shares at $5.78 per share and purchased the same 100 shares at $3.995 per share); *compare* Dkt. No. 13-3 at \*2 (claiming total losses of $124,129.41), *with* Dkt. No. 21-3 at \*2 (claiming total losses of $124,434.32); *compare* Dkt. Nos. 13-2 at \*3, 13-3 at \*2 (providing only settlement dates for his various transactions in Maxeon securities), *with* Dkt. Nos. 21-2 at \*3, 21-3 at \*2 (providing actual trade dates for these same transactions); *compare* Dkt. Nos. 13-2 at \*3, 13-3 at \*2 (indicating that he transacted in Maxeon securities during the Class Period in only a single account), *with* Dkt. Nos. 21-2 at \*3, 21-3 at \*2 (specifying that he transacted in Maxeon securities during the Class Period through two accounts); *compare* Dkt. No. 12 at 7 (claiming that he has "approximately 16 years of investing experience"), *with* Dkt. No. 21-4 ¶ 5 (claiming in a sworn Declaration that he has approximately 18 years of investing experience).  The foregoing inconsistencies and errors—for one, if not both, of these submissions must contain incorrect information—are "disquiet[ing]" because they "str[i]k[e] at the core of the PSLRA's lead plaintiff inquiry" and serve as an independent reason to deny Menon's motion. *Karp*, 2019 WL 5587148, at \*6.

Even more concerning, rather than address these issues head on and clarify which of the conflicting figures littering his two competing submissions are accurate, Menon has, thus far, remained silent on these issues for the ***three weeks*** following the filing of his conflicting motions. Although Menon withdrew one of his motions, that withdrawal provided no clarity on the circumstances that led to the filing of his duplicative motions, nor did it provide any clarity regarding the conflicting figures contained in the submissions in support of those motions. *See generally* Dkt. No. 34.  Menon's conduct to date only indicates that he lacks the requisite diligence and candor to oversee this litigation on behalf of the Class of hundreds or thousands of injured

investors in this Action. *See Karp*, 2019 WL 5587148, at \*6 ("[D]espite the relative importance of this error, the Court notes that it took the Aroras nearly two weeks to supply corrected figures. Taken together, these issues indicate to the Court a 'certain carelessness about detail that undermines the adequacy' of the Aroras as a lead plaintiff in a complex securities class action." (quoting *Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at \*3 (S.D.N.Y. July 31, 2007))).

## III.    CONCLUSION

For the foregoing reasons, Ross respectfully requests that the Court issue an Order: (1) appointing Ross as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: September 16, 2024                                 Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Preston A. Ross and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff*
*Movant Preston A. Ross*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC

## PROOF OF SERVICE

I hereby certify that on September 16, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

REPLY MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF PRESTON A. ROSS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 3:24-cv-03869-EMC