John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Mark Regan*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TREVOR WAYNE, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>               Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**MARK REGAN'S REPLY TO COMPETING LEAD PLAINTIFF AND LEAD COUNSEL MOTIONS**<br><br>Hon. Edward M. Chen<br><br>DATE: October 10, 2024<br>TIME:  1:30 P.M.<br>COURTROOM:  5 |

## I.    SUMMARY OF ARGUMENT

The September 9, 2024, briefs submitted by movants Jeyakumar Menon (ECF No. 42; "Menon Brief") and Preston Ross (ECF No. 40; "Ross Brief") only confirm that Mark Regan should be appointed Lead Plaintiff in this putative securities class action.  Both the Menon Brief and the Ross Brief suffer from the same fatal flaw that should doom their lead plaintiff applications: a blatant lack of candor with the Court.  Although the underlying circumstances are different – Menon filed dueling lead plaintiff motions with two different law firms and Ross's troubling background undermines his adequacy – their sin of omission is common, as neither of them disclosed this background to the Court, nor did they explain why they are adequate under Rule 23, given these events.  By contrast, Regan has incurred a significant loss of $32,358 as a result of Defendants' wrongdoing, has no conflicts with the putative class, and has retained experienced counsel to assist him in prosecuting this matter.  Tellingly, neither Menon nor Ross claim that Regan suffers from any adequacy issues, thereby conceding the point.  Accordingly, this Court should appoint Regan as Lead Plaintiff and his chosen counsel, Scott+Scott Attorneys at Law LLP ("Scott+Scott"), as Lead Counsel.

## II.    ARGUMENT

### A.    Menon's Brief Simply Ignores His Dueling Lead Plaintiff Motions from Two Different Law Firms, Thus Underscoring His Inadequacy

Menon knows that he submitted competing leadership motions authored by two different law firms.  Indeed, one of those law firms quietly withdrew its motion for Menon's appointment within one day of its filing, albeit without any explanation.  Despite this, Menon's Brief does not acknowledge, let alone explain, his dueling lead plaintiff motions, nor did Menon submit a declaration explaining how he could possibly discharge his duties as a lead plaintiff under Rule 23 given the competing filings. The lack of candor with the Court evidenced by Menon's Brief only confirms his inadequacy.

As many courts have held, the filing of competing leadership motions is *per se* disqualifying because engagement, supervision, and effective communication with counsel are paramount in a lead plaintiff and what Rule 23 demands. *See, e.g.*, *Pardi v. Tricida, Inc.*, No. 21-CV-00076-LHK, 2021 WL 1381271, *2 (N.D. Cal. Apr. 2, 2021); *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 279-280

1

(E.D. Pa. 2020); *Tsirekidze v. Syntax-Brillan Corp.*, No. CV-07-2204, 2008 WL 942273, *5 (D. Ariz. April 7, 2008); *Singer v. Nicor, Inc.*, No. 02 C 5168, 2002 WL 31356419, *2 (N.D. Ill. Oct. 17, 2002); ECF No. 41 ("Opp."), at 4-6 (collecting cases on errors in lead plaintiff papers). Moreover, as Regan has previously shown, the conflicts between Menon's two certifications, both sworn under penalty of perjury, underscore Menon's inadequacy. *See* Opp., at 4-5. Menon's silence does nothing to allay the acute adequacy concerns occasioned by his simultaneous and conflicting lead plaintiff filings under the auspices of two different law firms. To the contrary, despite ample opportunity to acknowledge and explain the circumstances surrounding his dueling certification motions, Menon has chosen to obscure the truth from the Court. Menon's ostrich-in-the-sand approach to his conduct only underscores that there is serious doubt as to whether Menon can review, understand, and approve a complex amended complaint or any other filing in this matter or effectively oversee his counsel to protect the interests of the Class. All told, Menon's actions (and inaction) comfortably confirm that he is not adequate to serve as Lead Plaintiff in this putative securities class action.

**B. The Lack of Candor with the Court in Ross's Brief Demonstrates His Inadequacy**

Like Menon, Ross's ongoing failure to disclose to the Court his troubling history of serious misconduct raises serious doubts about Ross's candor and the quality of his judgment. Ross's Brief does not address any of these concerns. In fact, without the investigation of Ross's background conducted by Scott+Scott, the Court—and the rest of the Class—would have remained in the dark about Ross's litany of arrests and the civil action evidencing his repeated violent tendencies and poor judgment. Indeed, courts have denied movants' motions to be appointed lead plaintiff because the movants' failure to reveal their criminal history raised concerns about their candor and, therefore, their adequacy. *See Sneed v. AcelRx Pharms., Inc.*, No. 21-cv-04353-BLF, 2021 WL 5964596 at *4 (N.D. Cal. Dec. 16, 2021) (finding that the court had "serious concerns about Dupré's candor to his attorney and this Court regarding his misconduct," in part because Dupré had failed to disclose his misconduct in his motion papers); *Clifton v. Willis*, C.A. No. 22-cv-03161, 2024 WL 1508832 at *4 (D. Colo. Mar. 5, 2024) (finding that, "[m]ost significantly, Mr. Chernyak has displayed a lack of candor with the Court . . . [because] Mr. Chernyak's

Motion and attached documents do not mention or reference his criminal history."). As Regan has previously shown, the same is true of Ross. *See* Opp., at 6-8.

This Court should accordingly follow *Sneed* and *Clifton* and find that Ross is inadequate to serve as Lead Plaintiff because of his lack of candor and questionable judgment. *See Clifton*, 2024 WL 1508832 (D. Colo. Mar. 5, 2024); *Sneed*, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021).

### C. Menon and Ross Concede That Regan is Adequate and Typical

Neither the Menon Brief nor the Ross Brief raise any issues or concerns with Regan's adequacy or typicality. Regan is clearly typical of the putative Class. *See* Opp., at 8-9. Like all members of the Class, Regan purchased Maxeon securities during the Class Period, has claims that arise from the alleged misleading statements, and suffered economic injuries thereby. Regan is also adequate because he has no conflicts of interest with the other members of the Class, has sufficient interest in the outcome of the case, and is subject to no unique defenses. *Id.* Finally, Regan has also demonstrated himself to be an adequate representative by retaining competent and experienced counsel, Scott+Scott, to prosecute this Action on behalf of himself and the Class. *Id.*

### III. CONCLUSION

For the foregoing reasons, Regan opposes the lead plaintiff motions of movants Menon and Ross and respectfully requests that the Court grant his motion and enter an Order: (1) appointing Regan as Lead Plaintiff; (2) approving his selection of Scott+Scott as Lead Counsel for the Class; (3) denying all competing Lead Plaintiff motions; and (4) granting such other relief as the Court may deem just and proper.

Dated: September 16, 2024

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ John T. Jasnoch*

John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
jjasnoch@scott-scott.com

Thomas L. Laughlin, IV (*Pro hac vice* forthcoming)
Matthew A. Peller (*Pro hac vice* forthcoming)
Nicholas S. Bruno (*Pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
Telephone: 212-223-6444
tlaughlin@scott-scott.com
mpeller@scott-scott.com
nbruno@scott-scott.com

*Counsel for Lead Plaintiff Movant Mark Regan and Proposed Lead Counsel*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Mark Regan*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2024, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 */s/ John T. Jasnoch*
John T. Jasnoch (CA 281605)

MARK REGAN'S REPLY TO COMPETING LEAD PLAINTIFF AND LEAD COUNSEL MOTIONS
CASE NO. 3:24-cv-03869-EMC