# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT READ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMIRA NATURE FOODS LTD., et al, <br><br> Defendants. | Case No. CV 15-0957 FMO (PJWx) <br> Case No. SA CV 15-0280 FMO (PJWx) <br><br> **ORDER Re: MOTIONS FOR CONSOLIDATION OF RELATED ACTIONS; APPOINTMENT OF LEAD PLAINTIFF; AND APPROVAL OF SELECTION OF COUNSEL** |

The court has reviewed and considered all the briefing filed with respect to two motions for consolidation, appointment of lead plaintiff, and approval of selection of counsel filed by (1) Steamfitters Local 449 Pension Plan and (2) William S. Wright and plaintiff David C. Sund, and concludes that oral argument is not necessary to resolve the motions. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

**INTRODUCTION**

This case concerns two putative securities class actions by plaintiff Robert Read, Case No. CV 15-0957, filed on February 10, 2015 ("Read Complaint"), and by plaintiff David C. Sund, Case No. CV 15-0280, filed on February 18, 2015 ("Sund Complaint"). The Complaints are nearly, if not completely, identical.

Each Complaint alleges claims against the same defendants: Amira Nature Foods Ltd. ("Amira"), its CEO Karan A. Chanana, and three individuals who successively served as Amira's CFO, Bruce C. Wacha, Ritesh Suneja, and Ashish Poddar. (Compare Read Complaint at ¶¶ 9-13 with Sund Complaint at ¶¶ 9-13). Each Complaint is filed on behalf of a putative class comprising

"all persons other than Defendants who purchased or otherwise acquired the securities of Amira pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering ('IPO') or purchased or otherwise acquired common stock of Amira during the period between September 27, 2012 and February 9, 2015, inclusively[.]" (Compare Read Complaint at ¶ 1 with Sund Complaint at ¶ 1). Each Complaint alleges that defendants made materially false or misleading statements or omissions regarding revenues, (compare Read Complaint at ¶¶ 34-38 with Sund Complaint at ¶¶ 34-38), and related party transactions. (Compare Read Complaint at ¶¶ 39-55 with Sund Complaint at ¶¶ 39-55). Each Complaint states that defendants' purportedly false statements or omissions were made in violation of (1) § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, (2) § 20(a) of the Exchange Act, (3) § 11 of the Securities Act of 1933 (the "Securities Act"), and (4) § 15 of the Securities Act. (Compare Read Complaint at ¶¶ 65-102 with Sund Complaint at ¶¶ 65-96). When the truth was purportedly revealed on February 9, 2015, each Complaint alleges that "Amira stock closed at $9.95, falling $3.45 or almost 26% from February 6, 2015 when the stock closed at $13.40." (Compare Read Complaint at ¶¶ 33 & 54 with Sund Complaint at ¶¶ 33 & 54).

On April 13, 2015, four motions were filed to consolidate the actions, appoint lead plaintiff, and approve the selection of counsel. The first motion, by Bernard Portnoy, was later withdrawn. (See Notice of Withdrawal of Lead Plaintiff Motion of Bernard Portnoy). The second motion was filed by William S. Wright and David C. Sund (Motion by William S. Wright and David C. Sund for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel ("Wright and Sund Mot.")).

The third and fourth motions were filed by Steamfitters Local 449 Pension Plan ("Steamfitters"). In the third motion (Steamfitters Local 449 Pension Plan's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff of Class, and Approval of Selection of Counsel ("Steamfitters Mot.")), Steamfitters seeks approval of the selection of Morgan & Morgan P.C. ("Morgan & Morgan") and Green & Noblin, P.C. ("Green & Noblin") as counsel. In the fourth motion (Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Steamfitters Withdrawn Mot.")), Steamfitters seeks approval of

2

the selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as counsel. On April 17, 2015, Steamfitters withdrew the fourth motion seeking approval of the selection of Robbins Geller as counsel. (See Notice of Withdrawal of Motion).

Attached to each of Steamfitters's Motion and Steamfitters's Withdrawn Motion were declarations by Joseph Little ("Little"). The Little declaration attached to Steamfitters's Motion was signed on April 13, 2015. (See Declaration of Robert S. Green in Support of the Motion of Steamfitters Local 449 Pension Plan for Consolidation of Related Actions, Appointment as Lead Plaintiff of the Class, and Approval of Selection of Lead Counsel at Exh. B (Plaintiff's Certification Pursuant to Federal Securities Laws) ("Little Decl.")). In that declaration, Little identifies himself as the "Trustee" of Steamfitters and states that as Trustee, he is "duly authorized to institute legal action on behalf of Steamfitters Local 449 Pension Plan including litigation against Amira Natural Foods, Ltd. and the other defendants." (Id. at ¶ 2). However, in his declaration to Steamfitters's Withdrawn Motion, which was signed by Little on March 20, 2015, (see Declaration of Danielle S. Myers in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel at Exh. B (Certification of Named Plaintiff Pursuant to Federal Securities Laws) ("Withdrawn Little Decl.")), Little identifies himself as the "Chairman" of Steamfitters. (See id. at 2).

**DISCUSSION**

I.    CONSOLIDATION OF THE ACTIONS.

The Private Securities Litigation Reform Act ("PSLRA") provides that the court's inquiry must begin by considering whether the putative securities class actions should be consolidated. See 15 U.S.C. § 78u-4(a)(3)(B)(ii) (If "any party has sought to consolidate [related] actions for pretrial purposes or for trial, the court shall not make the determination [appointing lead plaintiff] until after the decision on the motion to consolidate is rendered.").

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). The court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir.1984). "A district court generally has

'broad' discretion to consolidate actions[.]" Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir.), cert. denied, 555 U.S. 1031 (2008).

Neither Steamfitters nor Sund and Wright oppose consolidation. Nor could they, as the Read Complaint and the Sund Complaint involve identical parties, identical claims for relief, and identical allegations regarding defendants' purportedly false and misleading statements or omissions regarding its revenues and related-party transactions. (Compare Read Complaint with Sund Complaint). Consolidating the matters would save time and effort and would result in little, if any, inconvenience, delay, or expense. Accordingly, the court grants the motion to consolidate Case Nos. CV 15-0957 and CV 15-0280.

## II. APPOINTMENT OF LEAD PLAINTIFF.

### A. Standard for Appointing Lead Plaintiff.

The court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA provides a three-step process for identifying the lead plaintiff pursuant to these criteria. In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." Id. (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Second, "the court shall adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice [not later than 60 days after the date on which the notice is published]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); see Cavanaugh, 306 F.3d at 730.

The PSLRA presumes that the person or group suffering the greatest financial loss has the greatest incentive to recoup that loss, thus "ensuring vigorous advocacy" for the class as a whole. See Tanne v. Autobytel, Inc., 226 F.R.D. 659, 668 (C.D. Cal. 2005). "At this stage of litigation, all that is required is a 'preliminary showing' that the lead plaintiff group will satisfy the 'typicality' and 'adequacy' requirements" of Rule 23 of the Federal Rules of Civil Procedure. Erikson v.

4

Cornerstone Propane Partners LP, 2003 WL 22232387, *3 (N.D. Cal. 2003); Puente v. Chinacast Educ. Corp., 2012 WL 3731822, *3 (C.D. Cal. 2012) (same). "Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir.1998). "In evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications." Tanne, 226 F.R.D. at 667.

After the second step identifies a presumptively adequate plaintiff, the third step gives members of the proposed class an opportunity to rebut that presumption. That presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); see Cavanaugh, 306 F.3d at 730.

B.      Publication of the Pendency of the Actions.

Here, the first step has been satisfied as the pendency of the action was published in GlobalNewswire on February 10, 2015. (See Declaration of Robert S. Green in Support of the Motion of Steamfitters Local 449 Pension Plan for Consolidation of Related Actions, Appointment as Lead Plaintiff of the Class, and Approval of Selection of Lead Counsel ("Green Decl.") at Exh. A (Press Release); Declaration of Jeremy A. Lieberman in Support of the Motion by William S. Wright and David C. Sund for Consolidation, Appointment of Lead Plaintiff, and Approval of Counsel ("Lieberman Decl.") at Exh. A (Press Release)).

C.      Presumptive Lead Plaintiff.

Turning to the second step of the process, the court notes that both Steamfitters and Wright and Young made their competing motions to be appointed lead plaintiff on April 13, 2015, which is within the 60-day period prescribed by the PSLRA. (See Steamfitters Mot.; Wright and Sund Mot.); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Steamfitters contends that it has suffered approximately $80,559.88 in losses from its purchase of 14,921 shares of Amira stock. (See Green Decl. at Exh. C (Loss Table)). Wright and

Sund contend that they have, in the aggregate, suffered approximately $43,085 in losses from their purchase of 6,586 shares of Amira stock and options in 20 shares of Amira stock. (Lieberman Decl. at Exh. C (Loss Chart)). As such, Steamfitters appears to have the largest financial interest and the greatest incentive to vigorously advocate for the class as a whole. See Tanne, 226 F.R.D. at 668 ("Kurtz is an 'adequate' plaintiff because he has suffered the greatest financial loss, ensuring vigorous advocacy[.]").

Finally, Steamfitters contends that it meets the typicality and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure. The court agrees that, at this preliminary stage, Steamfitters's claims are "co-extensive" with the class. See Hanlon, 150 F.3d at 1020 ("representative claims are 'typical' if they are reasonably co-extensive with those of absent class members"). Steamfitters alleges that, like the proposed class, it purchased Amira stock and suffered damages as a result of defendants' false or misleading statements or omissions. (Compare Read Complaint with Sund Complaint with Steamfitters Mot. at 5-6).

The court also agrees that, at this preliminary stage, Steamfitters has satisfied the adequacy requirement of Rule 23(a) of the Federal Rules of Civil Procedure. See Tanne, 226 F.R.D. at 667 ("In evaluating whether a class representative is adequate, courts assess whether he has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications."); see 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (lead plaintiff lacks adequacy if he is "subject to unique defenses"). There is no suggestion that Steamfitters has interests that are antagonistic to the class, that Steamfitters is subject to unique defenses, or that Steamfitters's counsel, Morgan & Morgan and Green & Noblin, are not well-suited to prosecute the action. (See, generally, Wright and Sund Mot.). Accordingly, Steamfitters is presumptively the most adequate plaintiff.

D.     Rebutting the Appointment of the Presumptive Lead Plaintiff.

Under the third and final step of the PSLRA, the presumption that Steamfitters is the most adequate lead plaintiff can be rebutted by "proof . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); see Cavanaugh, 306 F.3d at 730.

Wright and Sund contend that Steamfitters's filing of two motions by two different law firms on the same day, and in particular, the filing of two "competing" declarations by Little in support of the two motions, demonstrates Steamfitters's "inability to effectively oversee counsel in the Actions." (See William S. Wright and David C. Sund's Opposition to Competing Motions for Appointment of Lead Plaintiff ("Wright and Sund Opp'n") at 4-6). Wright and Sund suggest that Little "may not understand the fiduciary duties a lead plaintiff owes to the [c]lass[.]" (Id. at 6).

Steamfitters submitted a third declaration from Little regarding the simultaneous filing of two motions by two firms. (See Declaration of Robert S. Green in Further Support of the Motion of Steamfitters Local 449 Pension Plan for Consolidation of Related Actions, Appointment as Lead Plaintiff of the Class, and Approval of Selection of Lead Counsel at Exh. 1 (Declaration of Joseph Little) ("Little Opp'n Decl.")). Little states that Steamfitters "recently changed the procedure by which we enter into securities litigation as a lead plaintiff movant." (Id. at ¶ 3). Steamfitters's "moving for lead plaintiff in this matter took place during the transition process." (Id.). Under the new process, "[Robbins Geller] interacted with our outside counsel," while under the old process, "[Morgan & Morgan] interacted directly with me." (Id.). Little states that Robbins Geller has "withdrawn from this matter[.]" (Id.). To prevent future mishaps, Little states that Steamfitters has "taken steps internally to assure [them]selves, and the Court, that this inadvertent error will not be repeated" and consequently have "adopted a single procedure going forward[.]" (Id.).

In reply, Wright and Sund claim that this explanation is not enough. (See Reply in Further Support of the Motion by William S. Wright and David C. Sund for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel ("Wright and Sund Reply") at 3-4) ("Neither at the time of the filing of the motions, nor at the time Steamfitters 2 was withdrawn, was any rational [sic] proffered as to **why** two motions were filed or, if they were inadvertently filed, **how** the error came to be.") (emphasis in original). Wright and Sund contend that Steamfitters, among other things, must explain (1) the discrepancy between Little's identifying himself as "Trustee" in one declaration and "Chairman" in another declaration, (see id. at 3; compare Little Decl. with Little Withdrawn Decl.); (2) why Little was not "alarmed" when he was presented with a certification for signature on April 13, 2015 when he had signed a completely "unique" declaration on March 20, 2105,

7

(Wright and Sund Reply at 2 & 4-5); and (3) why it "unceremoniously drop[ped] Robbins Geller as Lead Counsel[.]" (Id. at 4-5).

Wright and Sund – not Steamfitters – bear the burden of rebutting, by "proof . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); see Cavanaugh, 306 F.3d at 730. Wright and Sund have not done so. Rather, Wright and Sund ask the court to infer too much from what appears to have been a one-time mishap during a transition in Steamfitters's internal procedures for retaining class counsel. See Khunt v. Alibaba Grp. Holding Ltd., 2015 WL 1954134, *12 (S.D.N.Y. 2015) (holding that challenge to adequacy of presumptive lead plaintiff who directed two different counsel to file two separate motions for appointment as lead plaintiff on his behalf individually, and, separately, on behalf of an entity controlled by him, to be a "tempest in a teacup").

Based on the evidence before the court, the court will not assume that Little's failure to recall, on April 13, 2015, that he had signed a similar certification 23 days earlier, on March 20, 2015, exhibits a lack of understanding of Steamfitters's role as a fiduciary to the proposed class. Nor will the court assume that Little's identifying himself as Steamfitters's "Trustee" in one declaration and "Chairman" in another alters his authority to institute the Amira class action on behalf of Steamfitters as lead plaintiff. Finally, a client's choice of counsel is an important prerogative, and Wright and Sund have not provided any explanation why the court should inquire or interfere with Steamfitters's choice of counsel in this litigation.

The case that Wright and Sund rely upon, Tsirekidze v. Syntax-Brillian Corp., 2008 WL 942273 (D. Ariz. 2008), is distinguishable. In that case, a movant filed two separate certifications on behalf of two separate groups of proposed lead plaintiffs, whose interests were antagonistic to each other. See id. at *4. Here, Steamfitters filed both motions on its own behalf, and not on behalf of one or more groups of lead plaintiffs. Also, there is no implication of waiver of the attorney-client privilege. Thus, unlike Tsirekidze, Steamfitters did not file both motions in a manner that could be antagonistic or "competing" to itself.

Finally, the court is persuaded that, at this point in time, Steamfitters has taken steps to prevent in the future what appears to have been a one-time error. Since Steamfitters filed two

8

motions for appointment as lead plaintiff and selection of lead counsel on April 13, 2015, Robbins Geller has withdrawn its motion (see Notice of Withdrawal of Motion), and Steamfitters has stated that it has taken steps internally to assure that such an error will not happen again. (See Little Opp'n Decl. at ¶ 3); see also Khunt, 2015 WL 1954134, at *12 ("Tai admits that he made a mistake. He rectified it.").

For the foregoing reasons, the court finds that Wright and Sund have failed to adequately rebut the presumption that Steamfitters is the most adequate lead plaintiff.

III.    SELECTION OF LEAD COUNSEL.

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 734. "Selecting a lawyer in whom a litigant has confidence is an important client prerogative and [courts] will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs." Id. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen v. U.S. Dist. Court, 586 F.3d 703, 711 (9th Cir. 2009). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." Id. at 712.

Steamfitters has selected Morgan & Morgan, P.C. as lead counsel and Green & Noblin, P.C. as local counsel for the class. The court has reviewed the resumes of counsel, (see Green Decl., at Exhs. D & E), and is satisfied that Steamfitters has made a reasonable choice of counsel and will defer to that choice.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS SO ORDERED that:

1. Steamfitters Local 449 Pension Plan's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff of Class, and Approval of Selection of Counsel **(Document No. 20)**

is **granted**.  The Motion by William S. Wright and David C. Sund for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel **(Document No. 27)** is **granted** as to the motion to consolidate the actions and is **denied** as to the motions for appointment as lead plaintiff and approval of lead counsel.

2.  Read v. Amira Nature Foods Ltd., et al, Case No. CV 15-0957 FMO (PJWx) and Sund v. Amira Nature Foods Ltd., et al, Case No. CV 15-0280 FMO (PJWx) are consolidated for all purposes.  The Clerk shall consolidate these actions such that Case No. CV 15-0957 FMO (PJWx) shall be the lead case.  All future filings shall be filed in Case No. CV 15-0957 FMO (PJWx) until further notice from the court.  The Clerk shall administratively close Case No. CV 15-0280 FMO (PJWx) pending further order of the court.

3.  Steamfitters Local 449 Pension Plan is hereby appointed as lead plaintiff for the proposed class.

4.  Steamfitters Local 449 Pension Plan's choice of counsel is approved, and accordingly, Morgan & Morgan, P.C. is hereby appointed lead counsel for the proposed class.  Green & Noblin, P.C. shall serve as local counsel for the proposed class.

5.  Steamfitters Local 449 Pension Plan shall file a Consolidated First Amended Complaint by no later than **June 1, 2015**.

Dated this 18th day of May, 2015

/s/
Fernando M. Olguin
United States District Judge

10