POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*Preston A. Ross and Proposed Lead*
*Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR WAYNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No.: 3:24-cv-03869-EMC<br><br>RESPONSE TO ADMINISTRATIVE MOTION (DKT. NO. 53)<br><br><u>CLASS ACTION</u><br><br>Date:  October 10, 2024<br>Time:  1:30 p.m.<br>Judge:  Hon. Edward M. Chen<br>Courtroom:  5 – 17th Floor |

Movant Ross[1] respectfully submits this response to Jeyakumar VS Menon's Administrative Motion for Leave to File Statement of Recent Decision in Support of His Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Administrative Motion") (Dkt. No. 53).

Menon's Administrative Motion appends *David v. British American Tobacco, P.L.C.*, No. 24-CV-517 (AMD)(MMH), 2024 WL 4351311 (E.D.N.Y. Sept. 30, 2024), "a recent decision by the Eastern District of New York . . . that found that an individual lead plaintiff movant [Jean Lee] who had filed two motions for lead plaintiff with different firms, one of which was withdrawn three days later, was not disqualified from being appointed lead plaintiff."  Menon submits this decision ostensibly in support of his motion for appointment as Lead Plaintiff in this litigation, given that two different law firms initially filed duplicative motions on Menon's behalf (*see* Dkt. Nos. 12, 20), after which one of the two firms withdrew its filing (Dkt. No. 34).

*British American Tobacco* is easily distinguishable from this Action.  In *British American Tobacco*, Lee promptly submitted a detailed Declaration, which explained the misunderstanding that led to the filing of two Lead Plaintiff motions on her behalf and otherwise attested to her understanding of the significance of her motion and of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA.  *See generally British American Tobacco* Dkt. No. 24-2.  The Court specifically cited and quoted Lee's explanatory Declaration in its decision appointing her Lead Plaintiff:

> In fact, Lee acknowledged that she made a mistake due to her eagerness because she "erroneously thought that signing up with two law firms would better secure and serve [her] application[.]"  Moreover, upon discovering her mistake, she promptly directed Rosen Law to withdraw one of her motions.

---

[1] All capitalized terms herein are defined in Ross's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 26, 40.

*British American Tobacco, P.L.C.*, 2024 WL 4351311, at *6 (internal citations omitted).

Here, by contrast, after three rounds of briefing, Menon still has offered no meaningful explanation for his duplicative filing.  In his opposition brief, Menon did not even acknowledge the duplicative filings on his behalf, let alone explain them, despite their obvious relevance to assessing his adequacy under Rule 23.  *See generally* Dkt. No. 42.  Rather, Menon only addressed the issue for the first time in his reply brief—*i.e.*, after the competing movants raised the issue in their own opposition briefs—simply claiming that the point was "moot" because one of the two motions was withdrawn "within hours of having filed it, once Menon made clear his choice of attorney."  Dkt. No. 47 at 2.  Conspicuously, Menon himself has yet to submit any sworn statements to explain the duplicative filing, leaving the Court to rely upon this partial explanation by his counsel, which does little to explain the circumstances that led to the duplicative filings, nor assures the Court that Menon understands the significance of his motion and stands ready to supervise counsel.  Among other things, this explanation raises questions as to why Menon's "choice of attorney" only became "clear" after two motions were filed on his behalf.

In sum, while Lee's submissions in *British American Tobacco* reassured that court that Lee stood ready to vigorously prosecute the Class's fraud claims, this Court, after three rounds of briefing, has yet to receive any such assurances from Menon.

Dated: October 8, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movant Preston A. Ross and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant Preston A. Ross*

**PROOF OF SERVICE**

I hereby certify that on October 8, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Jennifer Pafiti*
Jennifer Pafiti