John T. Jasnoch (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Mark Regan*

[Additional counsel appears on signature page.]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TREVOR WAYNE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**LEAD PLAINTIFF MOVANT MARK REGAN'S RESPONSE TO MENON'S SUPPLEMENTAL DECLARATION (ECF NO. 58-1)**<br><br>Hon. Edward M. Chen<br><br>COURTROOM:  5 -17th Floor |

LEAD PLAINTIFF MOVANT MARK REGAN'S RESPONSE TO SUPPLEMENTAL
DECLARATION (ECF NO. 58-1) CASE NO. 3:24-cv-03869-EMC

Pursuant to the proceedings held in Court on October 10, 2024 (*see* ECF No. 56), Lead Plaintiff movant Mark Regan ("Regan") hereby respectfully responds to the Supplemental Declaration of Jeyakumar VS Menon ("Menon") in Support of his Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Supplemental Declaration") (ECF No. 58-1). Menon's Supplemental Declaration does not address the adequacy issues raised by Regan in his Opposition to Competing Lead Plaintiff and Lead Counsel Motions (*see* ECF No. 41) because the Declaration (1) is untimely and (2) does not adequately address the circumstances of Menon's double-filing (and appears to be a carbon copy of a declaration from another case).

As Regan previously argued, Menon's double-filing is troubling because it displays an inability to oversee his counsel and the proceedings in this matter. ECF No. 41-1, at 3-6. After retaining Faruqi & Faruqi, LLP ("Faruqi"), who purportedly explained the Private Securities Litigation Reform Act's (the "PSLRA") requirements, and signing a declaration attesting to his understanding and his selection of Faruqi as his counsel, Menon retained another law firm to file a second, competing Lead Plaintiff motion. ECF No. 12. That alone is bad enough, but Menon compounded the problem by stubbornly refusing to explain how his double-filing happened. Menon states in his Supplemental Declaration that, as of August 27, 2024, he knew double-filing was inappropriate. ECF No. 58-1, at ¶9. And both Regan and competing movant Preston A. Ross ("Ross") raised the double-filing issue in their opposition briefs on September 9, 2024. ECF Nos. 40 & 41-1. Yet, Menon waited 48 days, until after oral argument on the Lead Plaintiff motions, to provide a sworn explanation. ECF No. 58. This inexplicable delay shows that Menon lacks the capacity necessary to serve as Lead Plaintiff in a class action that affects the rights of thousands of absent class members. *See Haideri v. Jumei Int'l Holding Ltd.*, No. 20-cv-02751-EMC, 2020 WL 5291872, at *5 (N.D. Cal. Sept. 4, 2020) (denying motion where movant group only provided information necessary to assess its adequacy in Court-ordered supplemental

1

declarations, finding the movant group's conduct did "not reflect commitment to the litigation" and comparing the process to "pull[ing] teeth.").

Moreover, Menon's long-delayed Supplemental Declaration is also so generic that it is essentially meaningless. There are two core questions raised by Menon's conduct: (1) why did Menon retain a second set of counsel and file a second motion and (2) why did Menon wait so long to file a supplemental declaration? Tellingly, Menon does not bother to address the second question at all. As to the first question, Menon simply copies the answer provided in *David v. British American Tobacco P.L.C.*, No. 24-CV-517 (E.D.N.Y.) by another double-filer. *Compare* ECF No. 58-1, at ¶2 ("I did not realize that I was not allowed to engage with more than one of the numerous law firms that I found online, and I thought doing so could increase my chances to secure appointment as Lead Plaintiff and obtain better results.") *with* Supplemental Declaration of Jean Lee in *British American Tabacco*, at ECF No. 24-2, at ¶5 ("I . . . erroneously thought that signing up with two law firms would better secure and serve my application for appointment as Lead Plaintiff."), attached to Jasnoch Declaration as Exhibit A.

"A [PSLRA] lead plaintiff is a fiduciary for the investor class." *Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *4 (N.D. Cal. Aug. 23, 2018). Based on the record, there is a substantial risk that Menon lacks the requisite ability and commitment to properly fulfill this important fiduciary role. Accordingly, Menon's application should be set aside on adequacy grounds.

Dated:  October 17, 2024

Respectfully Submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
*/s/ John T. Jasnoch*
John T. Jasnoch (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
jjasnoch@scott-scott.com

Thomas L. Laughlin, IV (*pro hac vice*)
Jonathan Zimmerman *pro hac vice forthcoming*)
Nicholas S. Bruno (*pro hac vice forthcoming*)
Matthew A. Peller (*pro hac vice forthcoming*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building

2

230 Park Ave., 24th Floor
New York, NY 10169
Telephone: 212-223-6444
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com
nbruno@scott-scott.com
mpeller@scott-scott.com

*Counsel for Lead Plaintiff Movant and Proposed Lead Counsel*

**THE SCHALL LAW FIRM**
Brian J. Schall (*pro hac vice forthcoming*)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Mark Regan*

LEAD PLAINTIFF MOVANT MARK REGAN'S RESPONSE TO SUPPLEMENTAL
DECLARATION (ECF NO. 58-1) CASE NO. 3:24-cv-03869-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on October 17, 2024, at San Diego, California.

*/s/ John T. Jasnoch*
John T. Jasnoch (281605)

LEAD PLAINTIFF MOVANT MARK REGAN'S RESPONSE TO SUPPLEMENTAL DECLARATION (ECF NO. 58-1) CASE NO. 3:24-cv-03869-EMC