# EXHIBIT A

# EXHIBIT A

DocuSign Envelope ID: 2B1738A5-0A9B-48B0-B497-C23BF31A586D

## SUPPLEMENTAL DECLARATION IN FURTHER SUPPORT
## OF LEAD PLAINTIFF MOTION

I, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I, Jean Lee, respectfully submit this Supplemental Declaration in further support of my motion (the "Lead Plaintiff Motion") (Dkt. No. 18), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),  for appointment as Lead Plaintiff and approval of my selection of Pomerantz LLP ("Pomerantz") as Lead Counsel in the instant class action presently pending before this Court on behalf of investors in British American Tobacco p.l.c. ("BTI") securities, styled *David v. British American Tobacco p.l.c et al.*, No. 1:24-cv-00517 (E.D.N.Y.) (the "Action").

2.      I understand that on March 25, 2024, both Pomerantz and The Rosen Law Firm, P.A. ("Rosen Law") filed motions on my behalf seeking, among other things, my appointment as Lead Plaintiff in this Action.  *See* Dkt. Nos. 12, 18.  Although I authorized both firms to file these motions, I first retained Pomerantz in connection with this Action, as well as authorized Pomerantz to file my Lead Plaintiff Motion before signing any documentation with Rosen Law.

3.      After reviewing the allegations against BTI, on February 13, 2024, I signed the Certification (the "Pomerantz Certification") (Dkt. No. 18-6) provided by Pomerantz to participate as a class representative in this Action pursuant to the PSLRA.  Thereafter, on March 7, 2024, I participated in a call with an attorney from Pomerantz to further discuss this Action and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA.  We also discussed, among other things, preparing and submitting a declaration signed by me in support of my Lead Plaintiff Motion (the "Declaration") (Dkt. No. 18-7).  That same day, March 7, 2024, I reviewed and signed my Declaration in support of my Lead Plaintiff Motion—which I authorized Pomerantz to file in connection with my Lead Plaintiff Motion—in which I attest, among other things, that I seek

1

appointment as Lead Plaintiff in this Action (*see id.* ¶¶ 1, 3-4, 7); that "I understand that on March 25, 2024, Pomerantz will file a memorandum of law in support of my motion for appointment as Lead Plaintiff" (*id.* ¶ 3); that "supporting submissions prepared by Pomerantz will be filed concurrently with the memorandum of law" in support of my Lead Plaintiff Motion (*id.*); that, "[i]n this case, I selected Pomerantz to serve as Lead Counsel" (*id.* ¶ 10); and that "Pomerantz has been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the Class" (*id.* ¶ 11).

4.      On March 19, 2024, I executed a retainer agreement with Pomerantz with the understanding that, among other things, Pomerantz would represent me in this Action and file my Lead Plaintiff Motion, seeking both my appointment as Lead Plaintiff and approval of Pomerantz as my designated Lead Counsel in this Action.

5.      Thereafter, in the days leading up to the deadline to file my Lead Plaintiff Motion, I was contacted by Rosen Law about serving as a Lead Plaintiff in this Action.  I had previously spoken with Rosen Law about the allegations in this Action and erroneously thought that signing up with two law firms would better secure and serve my application for appointment as Lead Plaintiff.  Accordingly, on March 21, 2024, I signed another Certification provided by Rosen Law (the "Rosen Law Certification") (Dkt. No. 13-2) in connection with my seeking appointment as Lead Plaintiff in this Action.

6.      In connection with the motion filed on my behalf by Rosen Law (Dkt. No. 12), I inadvertently provided Rosen Law with only one of my two accounts that hold shares in the BTI securities that are the subject of this Action.  In connection with the motion filed on my behalf by Pomerantz (Dkt. No. 18), I provided Pomerantz with all of my transactions in the BTI securities

DocuSign Envelope ID: 2B1738A5-0A9B-48B0-B197-C23BF31A586D

that are the subject of this Action, all of which are accurately reflected in the two accounts noted in the transaction history appended to my Pomerantz Certification (*see* Dkt. No. 18-6 at *4-5).

7.      On March 26, 2024, the day after my Lead Plaintiff Motion was filed, I was contacted by an attorney from Pomerantz to discuss the two motions that Pomerantz and Rosen Law filed on my behalf seeking my appointment as Lead Plaintiff.  The attorney advised me that, among other things, having two competing motions filed on my behalf by two different law firms could jeopardize my Lead Plaintiff Motion.  I confirmed with the Pomerantz attorney that it was my intention to file the Lead Plaintiff Motion seeking my appointment as Lead Plaintiff and approval of Pomerantz as my designated Lead Counsel in this Action.  I also confirmed with the Pomerantz attorney that I still wanted to proceed with Pomerantz as my designated Lead Counsel and not with Rosen Law.  Accordingly, I directed Rosen Law to withdraw the competing motion that they filed on my behalf.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge.

Executed on this ____03____ day of April, 2024.

DocuSigned by:

_____
8F051D5ED91D4F2...

Jean Lee

3