ANNA ERICKSON WHITE (CA SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
LARA ANDERS (CA SBN 340017)
LAnders@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:     415.268.7522

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES, LTD.,
WILLIAM MULLIGAN, and KAI STROHBECKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE**<br><br><u>CLASS ACTION</u><br><br>Judge:       Hon. Edward M. Chen<br>Date:        April 10, 2025<br>Time:        1:30 p.m.<br>Courtroom: 5, 17th Floor |

Defendants Maxeon Solar Technologies, Ltd. ("Maxeon" or the "Company"), William Mulligan, and Kai Strohbecke (the "Individual Defendants," and together with Maxeon, "Defendants") have moved to dismiss Plaintiff's Amended Class Action Complaint, Dkt. No. 66 (the "Complaint"), filed on November 8, 2024.  In support of their Motion, Defendants request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Lara Anders (the "Anders Declaration").

**ARGUMENT**

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008).  "If a complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss."  *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011).

A court must also consider "matters of which a court may take judicial notice."  *Tellabs*, 551 U.S. at 322.  Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).

**Exhibits 1-11** to the Anders Declaration meet one or more of the foregoing standards, as discussed below.  Accordingly, the Court should consider these documents when ruling on Defendants' Motion to Dismiss.  *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information.").

**I.     THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.**

The Court must consider documents incorporated by reference in the Complaint.  *Tellabs*, 551 U.S. at 322.  A document is incorporated into a complaint if the document is referred to

extensively. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Separately, a document may be incorporated by reference into a complaint even if the complaint does not mention the document at all. *Id.*  Where a claim necessarily depends on the contents of a document, that document is properly incorporated by reference into the complaint whether mentioned in the complaint or not. *Id.*  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties— and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996).  A plaintiff must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context," i.e., "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190, 194 (2015). Accordingly, documents alleged to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiff cites and refers to **Exhibits 2-3, 5-9**, and **11** in the Complaint.  **Exhibits 5-8** are documents from which Plaintiff has excerpted the challenged statements.  **Exhibits 9** and **11** contain Plaintiff's alleged corrective disclosures and are relied on heavily throughout the Complaint.  **Exhibits 2-3** are cited and relied on by Plaintiff to support his claims.  The Court should consider the contents of these documents, all of which are incorporated by reference into the Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶¶ |
| --- | --- | --- |
| 2 | Maxeon's Form 6-K, as filed with the SEC on August 10, 2023, attaching Exhibit 99.1 (Press release on second quarter 2023 financial results) | 52 |

| | | |
|---|---|---|
| | and Exhibit 99.2 (Financial results for the first quarter ended July 2, 2023) | |
| 3 | Transcript entitled "MAXN FQ2 2023 Earnings Call," from S&P Global, dated August 10, 2023 | 55 |
| 5 | Maxeon's Form 6-K, as filed with the SEC on November 15, 2023, attaching Exhibit 99.1 (Press release on third quarter 2023 financial results) and Exhibit 99.2 (Financial results for the first quarter ended October 1, 2023) | 14, 56, 70, 91 |
| 6 | Transcript entitled "MAXN FQ3 2023 Earnings Call," from S&P Global, dated November 15, 2023 | 11-13, 15, 88, 90, 114-118 |
| 7 | Maxeon's Form 6-K, as filed with the SEC on April 8, 2024, attaching Exhibit 99.1 (Press release) | 20, 72, 93, 121 |
| 8 | Maxeon's Form 12b-25 Notification of Late Filing of a Form 20-F, as filed with the SEC on April 30, 2024 | 22, 73, 94 |
| 9 | Maxeon's Form 6-K, as filed with the SEC on May 30, 2024, attaching Exhibit 99.1 (Press release on first quarter 2024 financial results) and Exhibit 99.2 (Financial results for the first quarter ended March 31, 2024) | 84, 96-97, 128 |
| 11 | Transcript entitled "MAXN FQ1 2024 Earnings Call," from S&P Global, dated May 30, 2024 | 77, 80-81, 83 (n. 4), 84, 100-104, 122, 128 |

## II.  THE COURT SHOULD ALSO CONSIDER CERTAIN DOCUMENTS BECAUSE THEY ARE SUBJECT TO JUDICIAL NOTICE.[1]

### A.  The Court Should Take Judicial Notice of SEC Filings.

**Exhibits 1-2, 4-5**, and **7-10** to the Anders Declaration are Maxeon's SEC filings.  The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss.  *See Metzler*, 540 F.3d at 1064 & n.7 (holding it is proper to take judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (same).  Because SEC filings are publicly available, the Court can take judicial notice of each SEC filing and the fact that the information therein was disclosed to investors.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler*, 540 F.3d at 1064 n.7; *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of SEC filings).

Accordingly, the Court should take judicial notice of the SEC filings attached to the Anders Declaration as **Exhibits 1-2, 4-5**, and **7-10**.

### B.  The Court Also Should Take Judicial Notice of Maxeon's Earnings Call Transcripts.

**Exhibits 3, 6**, and **11** to the Anders Declaration are documents containing transcripts of Maxeon's earnings conference calls.  These Exhibits are subject to judicial notice.

Like SEC filings, a company's earnings calls are publicly available.  It is proper for the Court to take judicial notice that the "market was aware of the information" contained in those public documents.  *Heliotrope*, 189 F.3d at 981 n.18.  For that reason, courts routinely take judicial notice of these materials "to show disclosure of information."  *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (taking judicial notice of conference call statements, analyst reports, and news articles) (citation omitted); *see also Metzler*, 540 F.3d at 1064 n.7 (courts may take judicial notice of "publicly available financial documents"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. 2019) (taking judicial notice of transcripts from earnings calls), *aff'd*, 985 F.3d 1180 (9th Cir. 2021).

---

[1] **Exhibits 2-3, 5-9**, and **11** are incorporated by reference into the Complaint.  Judicial notice provides an additional, independent ground for the Court to consider these documents.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take judicial notice of the contents of the documents attached as **Exhibits 1-11** to the Anders Declaration.


DATED: December 20, 2024                              */s/* Ryan M. Keats
                                                      _____
                                                      Anna Erickson White
                                                      Ryan M. Keats
                                                      Lara Anders
                                                      MORRISON & FOERSTER LLP
                                                      425 Market Street
                                                      San Francisco, California 94105-2482
                                                      Telephone: 415.268.7000
                                                      Facsimile: 415.268.7522

                                                      Attorneys for Defendants
                                                      MAXEON SOLAR TECHNOLOGIES, LTD.,
                                                      WILLIAM MULLIGAN, and KAI
                                                      STROHBECKE