Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff
Jeyakumar VS Menon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE**<br><br>**CLASS ACTION**<br><br>Judge:  Hon. Edward M. Chen<br>Date:    April 10, 2025<br>Time:    1:30 p.m.<br>Courtroom:   5 – 17th Floor |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARDS ........................................................................................................ 1

     A.     The Incorporation By Reference Standard ............................................... 2

     B.     Judicial Notice Under Federal Rule of Evidence 201 ........................... 4

ARGUMENT ....................................................................................................................... 5

I.     EXHIBITS 4 AND 10 CANNOT BE CONSIDERED ......................................... 5

II.    EXHIBITS 2 AND 3 CANNOT BE CONSIDERED ........................................... 7

III.   EXHIBITS 1, 5-9 AND 11 MAY BE CONSIDERED BUT NOT FOR THEIR
     TRUTH ................................................................................................................ 8

CONCLUSION .................................................................................................................... 9

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE**     Case No. 3:24-cv-03869-EMC

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*In re Adaptive Broadband Sec. Litig.*,
   2002 WL 989478 (N.D. Cal. Apr. 2, 2002) ................................................................6

*In re Am. Apparel, Inc. S'holder Litig.*,
   855 F. Supp. 2d 1043 (C.D. Cal. 2012) ....................................................................7

*Banneker Ventures, LLC v. Graham*,
   798 F.3d 1119 (D.C. Cir. 2015) ................................................................................3

*In re Bare Escentuals, Inc. Sec. Litig.*,
   745 F. Supp. 2d 1052 (N.D. Cal. 2010) ....................................................................5

*In re Century Aluminum Co. Sec. Litig.*,
   749 F. Supp. 2d 964 (N.D. Cal. 2010) ......................................................................8

*Coto Settlement v. Eisenberg*,
   593 F.3d 1031 (9th Cir. 2010) ..............................................................................2, 6

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ....................................................................................2

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012) ..................................................................................2

*Dicey v. Pickens*,
   506 F. App'x 647 (9th Cir. 2013) ..............................................................................5

*Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*,
   2016 WL 2988864 (N.D. Cal. May 24, 2016) .......................................................3, 8

*Dreiling v. Am. Exp. Co.*,
   458 F.3d 942 (9th Cir. 2006) ....................................................................................6

*Drussel v. Elko Cnty. Sch. Dist.*,
   2013 WL 3353531 (D. Nev. July 2, 2013) ................................................................2

*In re ECOtality, Inc. Sec. Litig.*,
   2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ..........................................................3

*Goldman v. Belden*,
   754 F.2d 1059 (2d Cir. 1985)....................................................................................7

*Gregoire v. United Healthcare Servs., Inc.*,
   2018 WL 4635630 (N.D. Cal. Sept. 27, 2018) ......................................................2, 3

ii

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999) ...................................................................................................6

*Howell v. State of Cal.*,
   2019 WL 2076395 (E.D. Cal. May 10, 2019) ......................................................................5, 8

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .......................................................................................... *passim*

*Kipling v. Flex Ltd.*,
   2020 WL 2793463 (N.D. Cal. May 29, 2020) ..........................................................................6

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) ...............................................................................................7, 8

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
   2008 WL 346421 (S.D. Cal. Feb. 6, 2008) ...............................................................................4

*McCrary v. Elations Co.*,
   LLC, 2014 WL 12591473 (C.D. Cal. Mar. 24, 2014) ...............................................................2

*Metzler Inv. GmbH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ..................................................................................................6

*MS & Sons Hospitality LLC v. DB Ins. Co., Ltd.*,
   2020 WL 7263536 (C.D. Cal. Oct. 22, 2020)............................................................................2

*In re Network Equip. Techs., Inc., Litig.*,
   762 F. Supp. 1359 (N.D. Cal. 1991) .........................................................................................5

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014) ..................................................................................................7

*Sachs v. Republic of Austria*,
   737 F.3d 584 (9th Cir. 2013) ....................................................................................................4

*In re Solarcity Corp. Sec. Litig.*,
   274 F. Supp. 3d 972 (N.D. Cal. 2017) ......................................................................................9

*Stitt v. S.F. Mun. Transp. Agency*,
   2013 WL 121259 (N.D. Cal. Jan. 8, 2013) ...............................................................................4

*In re Tracht Gut, LLC*,
   836 F.3d 1146 (9th Cir. 2016) ..................................................................................................1

*United States v. Corinthian Colls.*,
   655 F.3d 984 (9th Cir. 2011) ....................................................................................................5

*United States v. Gould*,
   536 F.2d 216 (8th Cir. 1976) ....................................................................................................4

iii

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

*Wietschner v. Monterey Pasta Co.*,
    294 F. Supp. 2d 1102 (N.D. Cal. 2003) ...................................................................................6

*Wochos v. Tesla, Inc.*,
    2019 WL 1332395 (N.D. Cal. Mar. 25, 2019)........................................................................8

**Other Authorities**

Fed. R. Evid. 201 ....................................................................................................................4, 5, 6

Fed. R. Evid. 201(a) advisory committee's note to 1972 Proposed Rules .....................................4

2-12, James Wm. Moore, *et al.*, *Moore's Federal Practice*, §12.34[2] (2015)..............................3

21B Charles Alan Wright & Kenneth W. Graham, Jr.,
    Fed. Practice & Procedure: Evidence §5103 (2d ed. June 2024)................................................4

iv

Lead Plaintiff Jeyakumar VS Menon ("Plaintiff") respectfully submits this memorandum of points and authorities in opposition to Defendants'[1] Request for Consideration of Documents Incorporated by Reference and for Judicial Notice ("RJN"), ECF No. 72, concurrently filed with Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint ("Motion to Dismiss" or "MTD"), ECF No. 70.[2]

## INTRODUCTION

In support of their Motion to Dismiss, Defendants seek to introduce and rely on eleven exhibits either through judicial notice, incorporation by reference, or both.  These documents can be split into two categories: (1) Maxeon's filings with the Securities and Exchange Commission (the "SEC") (Exs. 1-2, 4-5, and 7-10), and (2) Maxeon's earnings call transcripts (Exs. 3, 6, and 11).  For the reasons set forth herein, Plaintiff objects to the Court's consideration of Exhibits 2-4, and 10.  Plaintiff does not object to the Court's consideration of Exs. 1, 5-9 and 11, but notes that they can only be considered for the limited purpose of ascertaining what they say, and not to rely on the truth of the matters asserted therein to disprove any of Plaintiff's allegations.

## LEGAL STANDARDS

On a Rule 12(b)(6) motion, all well-pleaded facts must be deemed true, and all reasonable inferences must be drawn in favor of the nonmoving party.  *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).  When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts are precluded from considering evidence extrinsic to the complaint unless (1) the document is incorporated by reference from the complaint, or (2) the fact is subject to judicial notice pursuant to Fed. R. Evid. 201 because it is (a) generally known within the trial court's territorial jurisdiction, or (b) can be accurately and readily determined from sources whose accuracy cannot be reasonably

---

[1]    "Defendants" are defined as Maxeon Solar Technologies Ltd. ("Maxeon"), William Mulligan and Kai Strohbecke.

[2]    Unless stated otherwise, the following conventions apply: (1) "AC" or "Amended Complaint" refers to Plaintiff's Amended Class Action Complaint, ECF No. 66; (2) all "¶" references are to the AC; (3) all capitalized terms mean the same as in the AC; (4) all citations, internal quotation marks, and footnotes are omitted; and (5) all emphases are added.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

questioned. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018). Even when one of these narrow exceptions applies, the Court should only consider materials outside the pleadings to establish the truth of their existence, not the truth of their contents. Should the court go beyond these requirements, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and provide Plaintiff with an opportunity to respond after having conducted sufficient discovery under Fed. R. Civ. P. 56(d).

### A.      The Incorporation By Reference Standard

It is well established that, when deciding a Rule 12(b)(6) motion, the court must only consider the complaint and documents incorporated by reference into the complaint, such that the complaint "relies upon [the] document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

A court "may, but is not required to incorporate documents by reference." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The incorporation by reference doctrine is "a narrow exception," as the risk of considering certain documents "as part of the pleadings at this stage could expand the narrow exception [of incorporation by reference] and blur the distinction between a motion for summary judgment and a motion to dismiss." *MS & Sons Hospitality LLC v. DB Ins. Co., Ltd.*, 2020 WL 7263536, at *4 (C.D. Cal. Oct. 22, 2020); *see also McCrary v. Elations Co.*, LLC, 2014 WL 12591473, at *4 (C.D. Cal. Mar. 24, 2014) ("the incorporation by reference doctrine is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment").

Indeed, "the mere mention of the existence of a document [in a complaint] is insufficient to incorporate the contents of a document[.]" *Orexigen*, 899 F.3d at 1002 (citing *Coto Settlement*, 593 F.3d at 1038); *see also Drussel v. Elko Cnty. Sch. Dist.*, 2013 WL 3353531, at *2-3 (D. Nev. July 2, 2013) (declining to consider documents incorporated by reference because they were neither "central to plaintiff's claims [n]or referred to extensively in the complaint"); *Gregoire v.*

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

*United Healthcare Servs., Inc.*, 2018 WL 4635630, at *1-3 (N.D. Cal. Sept. 27, 2018) (rejecting incorporation by reference argument because plaintiff's complaint only "generally refer[red]" to defendants' proffered documents and plaintiff's claims did not "necessarily depend[]" on them either); *cf. Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (noting that multiple Circuits have rejected the "fantastic argument" that even facts contained in an attachment *to a complaint* should automatically be deemed facts alleged as part of the complaint).

Moreover, the incorporation by reference doctrine is not a license for Defendants to poison the well with self-serving inadmissible hearsay on a Rule 12(b)(6) motion to dismiss. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Orexigen*, 899 F.3d at 1003; *see also Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016). Indeed, "were the Court to assume the truth of all documents incorporated by reference . . . , that would mean assuming the truth of all of Defendants' allegedly false or misleading statements. That cannot be the intended result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014); *accord Orexigen*, 899 F.3d at 1015.

Furthermore, if a "document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Orexigen*, 899 F.3d at 1002.

Finally, as the *Orexigen* decision noted, a court considering a document as being incorporated by reference must still do so within the limits of Rule 12(b)(6). *See Orexigen*, 899 F.3d at 1003. That is, "even when the court is allowed to consider these extrinsic materials, it must do so under the appropriate standard of Rule 12(b)(6), so that materials must be viewed in the light most favorable to the plaintiffs, and all reasonable inferences from them must be drawn in plaintiff's favor." 2-12, James Wm. Moore, *et al.*, *Moore's Federal Practice*, §12.34[2] (2015).

3

**B.      Judicial Notice Under Federal Rule of Evidence 201**

Under Rule 201 of the Federal Rules of Evidence, a court is permitted to consider matters extraneous to the complaint by taking judicial notice of the adjudicative facts that are not subject to reasonable dispute because they are: (1) generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  Fed. R. Evid. 201(b); *see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013), *rev'd on other grounds by OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015).

Therefore, to determine whether a fact is a proper subject for judicial notice, the court must first determine whether the fact at issue is an "adjudicative fact"—*i.e.*, a fact relevant to the case. *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Practice & Procedure: Evidence §5103 (2d ed. June 2024); *see also* Fed. R. Evid. 201(a) advisory committee's note to 1972 Proposed Rules ("Adjudicative facts are simply the facts of the particular case"); *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) ("adjudicative facts are those to which the law is applied in the process of adjudication.  They are the facts that normally go to the jury in a jury case.  They relate to the parties, their activities, their properties, their businesses.").

The Court must then determine whether the fact is either Generally Known or Readily Determinable.  *See* Fed. R. Evid. 201(b). "The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a high degree of indisputability."  *Stitt v. S.F. Mun. Transp. Agency*, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2013).  As a result, courts often only take judicial notice of readily verifiable matters such as "(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958."  *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008).

As the party requesting judicial notice, Defendants bear the burden of identifying the adjudicative fact they want the Court to notice, specifying how the fact is relevant, and establishing

4

that the fact is properly subject to judicial notice either because it is Generally Known or Readily Determinable. *See* Fed. R. Evid. 201(c)(2); *Howell v. State of Cal.*, 2019 WL 2076395, at *2 n.1 (E.D. Cal. May 10, 2019) (denying judicial notice requests where "the Court cannot determine whether the requests contain information relevant or necessary to Plaintiff's allegations" and where "Plaintiff has failed to supply the necessary information to support the requests.").

Judicial notice under Rule 201 must nonetheless comport with Rule 12(b)(6). *See* 2-12, James Wm. Moore, et al., Moore's Federal Practice, §12.34[2] (2015). Accordingly, a court may not "take judicial notice of facts favorable to [d]efendants that could reasonably be disputed." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Indeed, a court "should not use judicial notice to generate an evidentiary record and then weigh evidence—which plaintiffs have not had the opportunity to challenge—to dismiss plaintiffs['] complaint." *In re Network Equip. Techs., Inc., Litig.*, 762 F. Supp. 1359, 1363 (N.D. Cal. 1991).

Furthermore, when taking judicial notice of public documents on a motion to dismiss, a court ***may not assume the truth of the factual matters asserted therein***. *See Dicey v. Pickens*, 506 F. App'x 647, 648 (9th Cir. 2013) (finding district court properly rejected request for judicial notice when the plaintiff "sought to have the documents complained of admitted for the truth of the facts contained therein" because "[t]hose facts are not the proper subject of judicial notice"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (judicial notice taken of materials discussed in complaint but not for the truth of all matters asserted where plaintiffs had objected that "it is impermissible at the pleading stage for the court to take judicial notice of facts that are substantively in dispute, and which go to the merits of plaintiffs' claims").

## ARGUMENT

### I.    EXHIBITS 4 AND 10 CANNOT BE CONSIDERED

Defendants claim that Exhibits 4 and 10 can be considered "[b]ecause SEC filings are publicly available, the Court can take judicial notice of each SEC filing and the fact that the information therein was disclosed to investors." RJN 4. However, as the Ninth Circuit has clarified, "[j]ust because the document itself is susceptible to judicial notice does not mean that

5

every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999.  Here, Defendants do not carry their burden of specifying what adjudicative facts within those documents they want the Court to notice, and they likewise fail to establish that those facts are Generally Known or Readily Determinable.  *See* Fed. R. Evid. 201; *Orexigen*, 899 F.3d at 999 (noting that the district court improperly took judicial notice of a conference call transcript because the party introducing the document did not "clearly specify what fact or facts it judicially noticed from th[e] transcript.").

In any event, based on their citations to these exhibits in the MTD, it appears that Defendants cite them to show what Maxeon disclosed about its pre-Class Period financial performance (Ex. 4) and what it disclosed post-Class Period about the termination of one of its utility-scale contracts (Ex. 10).  MTD 3, 6.  Neither of these points are adjudicative facts subject to judicial notice because they are irrelevant to Plaintiff's claims—that is, whether Defendants knowingly or recklessly made false and/or misleading statements to the market ***during*** the Class Period.  *See Coto Settlement*, 593 F.3d at 1038; *In re Adaptive Broadband Sec. Litig.*, 2002 WL 989478, at \*20 (N.D. Cal. Apr. 2, 2002) (declining to take judicial notice of document first mentioned by defendants in their motion to dismiss, stating "[t]he Court cannot see any other relevance for it, thus it will not be judicially noticed…into the Complaint."); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (judicial notice of facts only allowed if "sufficiently relevant" to the allegations in the complaint).

Defendants' authorities are not to the contrary.  *See Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1, 1064 n.7 (9th Cir. 2008) (court granted "unopposed requests for judicial notice" of SEC filing); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (SEC filing highly relevant to plaintiffs' claims); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (court took judicial notice of facts contained in news articles that were highly relevant in establishing plaintiff's fraud-on-the-market theory); *Kipling v. Flex Ltd.*, 2020 WL 2793463, at \*7 (N.D. Cal. May 29, 2020) (SEC filings introduced to "provid[e] the Court with

6

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

the full unabridged statements cited by [p]laintiff and accompanying context regarding these statements."). MTD 4.

That said, if the Court were to take judicial notice of the SEC filings, it cannot do so for purposes of assuming the truth of its contents. *See Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also, In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1063-64 (C.D. Cal. 2012) (refusing to accept as true the contents of statements contained in SEC filings, when defendants referred to them for their truth).

## II.   EXHIBITS 2 AND 3 CANNOT BE CONSIDERED

Defendants ask the Court to consider a SEC filing and earnings call transcript, (Exs. 2 and 3), through the doctrine of incorporation by reference. RJN 1-2. But the AC only cites to: Maxeon's August 10, 2023, Form 6-K (Ex. 2): **one time** to provide background about pre-Class Period financial data related to the Company's relationship with SunPower, ¶52; and Maxeon's August 10, 2023 Q2 Earnings Conference (Ex. 3): **one time** to provide background information concerning the pre-Class Period settlement of the Company's dispute with SunPower. ¶55. Clearly, these exhibits are not incorporated by reference because they are referenced in the AC sparingly and are not "central" to Plaintiff's claims. *Orexigen*, 899 F.3d at 1002 (finding that to be incorporated by reference, reference to the document in the complaint must be extensive); *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) ("[L]imited quotation [of a document] does not constitute incorporation by reference.").[3]

Defendants also seek judicial notice of Exhibits 2 and 3 to show what the market knew about Maxeon's declining DG revenue before the Class-Period began. RJN. However, Exhibits 2 are 3 are not properly subject to judicial notice for the same reason Exhibits 4 and 10 are not. Defendants do not specify what adjudicative facts within those documents they want the Court to notice. *See* §I, *supra*.

---

[3]   Defendants' authority on this point is inapposite. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 (9th Cir. 2014) (finding declaration subject to incorporation by reference because it was "rel[ied] on" by plaintiff to prove their claims).

7

That said, assuming that the facts Defendants reference these Exhibits for in the MTD are those for which they seek notice, they are not adjudicative facts subject to judicial notice because they are not relevant to Plaintiff's claims. *Howell*, 2019 WL 2076395, at *2 n.1; *Lee*, 250 F.3d at 688-90.[4]

For example, Defendants cite Exhibits 2 to 3 to argue that "Maxeon also cautioned investors about the new challenges it was facing" such as "its recent dispute with SunPower," the "unexpected[] rapid change in the market demand environment," and the "significant inventory bubble" that Maxeon "expected…would persist for the remainder of the year, [and] hamper[] its growth." MTD 2-3. Defendants argue that these disclosed factors—***which are not what Plaintiff alleges Defendants hid from the market***—caused Maxeon's poor financial results and need for liquidity support. *Id.* at 7. As such, it is clear that Defendants are offering these documents for their truth for the sole purpose of "creat[ing] a defense to the well-pled allegations in the complaint[.]" *Orexigen*, 899 F.3d at 1002. This is an inappropriate use of exhibits at this stage of the litigation. *Id.* at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

## III.    EXHIBITS 1, 5-9 AND 11 MAY BE CONSIDERED BUT NOT FOR THEIR TRUTH

Plaintiff has no objection to the Court's consideration of Exhibits 1, 5-9 and 11 consisting of SEC filings, and earnings call transcripts. However, the Court may only consider these exhibits for their existence and may not assume the truth of the disputed facts therein. *Orexigen*, 899 F.3d at 1002-03; *see also Sprint*, 2016 WL 2988864, at *4 (denying request for judicial notice of

---

[4]    Defendants' authorities are unavailing considering that, in each authority, the court considered documents that were relied on by plaintiffs to state their claim but not for their truth. *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019), *aff'd*, 985 F.3d 1180 (9th Cir. 2021) (court took judicial notice of earnings call transcript "that contain[ed the allegedly misleading] public statements made by Tesla . . . . [but not for] the truth of any of the facts asserted in these documents."); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (court considered transcripts submitted by Defendants "not for the truth of the matter asserted, but to show disclosure of information" used by plaintiffs to state their claims). RJN 4.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

document for the truth of the statements contained therein when the complaint referred to the document); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (rejecting defendants' argument that "once documents are referenced in a complaint the entire document is assumed to be true for the purposes of a motion to dismiss.").

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to consider Exhibits 2-4 and 10 and should not take judicial notice of the truth of any fact asserted within any of Defendants' exhibits.

Dated:  February 6, 2025                                    Respectfully submitted,

By: /s/ *James M. Wilson, Jr.*
         James M. Wilson, Jr.

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com

Robert W. Killorin (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

Lisa T. Omoto SBN 303830
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

*Attorneys for Lead Plaintiff*
*Jeyakumar VS Menon and Lead*
*Counsel for the putative Class*

9
