ANNA ERICKSON WHITE (CA SBN 161385)
AWhite@mofo.com
RYAN M. KEATS (CA SBN 296463)
RKeats@mofo.com
LARA ANDERS (CA SBN 340017)
LAnders@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES, LTD.,
WILLIAM MULLIGAN, and KAI
STROHBECKE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE, <br><br> Defendants. | Case No.:  3:24-cv-03869-EMC <br><br> **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE** <br><br> CLASS ACTION <br><br> Judge:  Hon. Edward M. Chen <br> Date:  April 10, 2025 <br> Time:  1:30 p.m. <br> Courtroom:  5, 17th Floor |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ............................................................................................................ 1

II.   THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE
      COMPLAINT. ................................................................................................................ 1

III.  THE COURT SHOULD ALSO CONSIDER CERTAIN DOCUMENTS BECAUSE
      THEY ARE SUBJECT TO JUDICIAL NOTICE. ........................................................ 4

IV.   CONCLUSION .............................................................................................................. 4

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012)......................................................................................................2

*Haideri v. Jumei Int'l Holding Ltd.*,
   No. 20-cv-02751-EMC, 2021 WL 4170791 (N.D. Cal. Sept. 14, 2021)................................2, 3

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999).......................................................................................................2

*J.K.J. v. City of San Diego*,
   17 F.4th 1247 (9th Cir. 2021) ......................................................................................................3

*Kang v. PayPal Holdings, Inc.*,
   620 F. Supp. 3d 884 (N.D. Cal. 2022) .........................................................................................3

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018)....................................................................................................1, 3

*In re Oracle Corp. Sec. Litig.*,
   627 F.3d 376 (9th Cir. 2010)........................................................................................................2

*Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*,
   759 F.3d 1051 (9th Cir. 2014)......................................................................................................3

*In re Rigel Pharms., Inc. Sec. Litig.*,
   697 F.3d 869 (9th Cir. 2012)........................................................................................................3

*In re Stac Elecs. Sec. Litig.*,
   89 F.3d 1399 (9th Cir. 1996)........................................................................................................2

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*,
   551 U.S. 308 (2007)..................................................................................................................1, 3

*In re Ubiquiti Networks, Inc. Sec. Litig.*,
   33 F. Supp. 3d 1107 (N.D. Cal. 2014) .........................................................................................2

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003)........................................................................................................2

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009)........................................................................................................3

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendants respectfully submit this reply in support of their Request for Consideration of Documents Incorporated into Complaint and for Judicial Notice, Dkt. No. 72.[1]

### I.      INTRODUCTION

In support of their Motion to Dismiss, Defendants requested that the Court consider certain documents referenced and relied upon in the Complaint as well as certain documents that are properly subject to judicial notice.

In response, Plaintiff distorts Ninth Circuit law applying the incorporation-by-reference and judicial notice doctrines in securities class actions.  As the authorities Plaintiff cites demonstrate, the incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  And courts in the Ninth Circuit routinely take judicial notice of SEC filings and earnings call transcripts to show disclosure of information about which the market was aware.  (RJN 4.)  After basing their claims on Maxeon's disclosures to investors and filings with the SEC, Plaintiff cannot force the Court to accept their misleading characterization of those documents while ignoring the context.  The Supreme Court's decision in *Tellabs*—which the Response does not address—makes clear that is not how it works.

Defendants' Request should be granted in full.

### II.     THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.

Defendants showed that the Complaint relies on and references **Exhibits 2-3, 5-9, and 11**. (RJN 1-3.)  Accordingly, the Court may consider each of them under the incorporation by reference

---

[1] The "RJN" or "Request" refers to Defendants' Request for Consideration of Documents Incorporated into Complaint and for Judicial Notice, Dkt. No. 72.  The "Response" or "RJN Opp." refers to Lead Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Request for Consideration of Documents Incorporated Into Complaint and For Judicial Notice, Dkt. No. 80.  The "Complaint" refers to Plaintiffs' Amended Class Action Complaint, Dkt No. 66.  The "Motion to Dismiss" refers to Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Amended Class Action Complaint, Dkt. No. 70.

doctrine. (*Id.*) Plaintiff's arguments in response are meritless.

**Exhibits 5-9 and 11**. Plaintiff says that he has "no objection" to the Court's consideration of Exhibits 5-9 and 11 but asserts that "the Court may only consider these exhibits for their existence and may not assume the truth of the disputed facts therein." (RJN Opp. 8.)[2]

The Court may consider more than the exhibits' existence. Rather, the Court may consider each exhibit incorporated by reference for at least two purposes. First, as Plaintiff's own authority explains, the Court should consider the contents of these exhibits as true when ruling on Defendants' Motion to Dismiss. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). That is because documents referenced in the Complaint can be treated "as part of the complaint, and thus [the court] may assume that [the documents'] contents are true for the purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see also In re Ubiquiti Networks, Inc. Sec. Litig.*, 33 F. Supp. 3d 1107, 1118 n.2 (N.D. Cal. 2014) ("[W]here a document is incorporated by reference, it becomes part of the complaint and the court accordingly assumes the truth of its contents for the purposes of ruling on a motion to dismiss pursuant to Rule 12(b)(6)."); *Haideri v. Jumei Int'l Holding Ltd.*, No. 20-cv-02751-EMC, 2021 WL 4170791, at *11 (N.D. Cal. Sept. 14, 2021) (same).

Second, the Court should consider these incorporated documents for their context. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (consideration of "full text of the Prospectus, including portions which were not mentioned in the complaints," is "appropriate in the context of a motion to dismiss"). Courts consider this context to determine what was disclosed to the market. *See id.*; *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 975-76, 980-81 & n.18 (9th Cir. 1999). Considering this context is imperative here given that Plaintiff "must demonstrate that a particular statement, when read in light of all the information then available to the market, . . . conveyed a false or misleading impression." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 390 (9th Cir. 2010). Thus, where plaintiffs rely on "conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to

---

[2] In his Response, Plaintiff fails to identify any disputed facts in any of the exhibits.

accept such conclusory allegations as true" by considering the document in its entirety. *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (quoting *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021)).

Context is also relevant to the scienter analysis. The Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 326 (2007), mandated a "holistic" analysis of factors bearing on a defendant's state of mind that takes into account plausible opposing inferences that can be drawn from matters incorporated by reference in a complaint. *Id.* at 325; *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009); *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 876, 882-83 (9th Cir. 2012); *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061-62 (9th Cir. 2014).

**Exhibits 2 and 3.** Plaintiff objects to the Court considering Exhibits 2 and 3 through the doctrine of incorporation by reference because (i) each is only cited in the Complaint "***one time***" (RJN Opp. 7.) That argument ignores *Khoja*'s holding that documents may be incorporated by reference even if the complaint does not mention the document at all, where a claim necessarily depends on its contents. (RJN 2 (citing *Khoja*, 899 F.3d at 1002).)

Contrary to Plaintiff's assertion that the Exhibits 2 and 3 merely "provide background information," the Complaint relies on those August 10, 2023 earnings disclosures to support Plaintiff's claims that Defendants made material misstatements. For example, the Complaint cites Exhibit 2 to establish that SunPower's business "account[ed] for 26.7% of [Maxeon's] total revenue . . . as of January 1, 2023." (¶ 52.) Plaintiff then relies on that same statistic twice more in the Complaint, including in an attempt to plead scienter under the core operations theory. (*Compare* ¶ 52 *with* ¶¶ 6, 119.) In other words, as this Court has explained, the exhibits "serve[] to form the basis of a claim" and may therefore be incorporated by reference." *Haideri*, 2021 WL 4170791, at *12.

Because the Complaint incorporates **Exhibits 2-3, 5-9, and 11** by reference, the Court should consider these Exhibits in their entirety.

### III.   THE COURT SHOULD ALSO CONSIDER CERTAIN DOCUMENTS BECAUSE THEY ARE SUBJECT TO JUDICIAL NOTICE.

Defendants showed that the Court may also take judicial notice of the contents of Maxeon's SEC filings (**Exhibits 1-2, 4-5, and 7-10**) and earnings call transcripts (**Exhibits 3, 6, and 11.**) Plaintiff does not dispute that these types of documents are appropriate for judicial notice and offers "no objection to the Court's consideration" of **Exhibits 1, 5, 7-9**.[3]

Plaintiff objects to judicial notices of **Exhibits 2, 3, 4, and 10** on the ground that Defendants "do not specify what adjudicative facts within those documents they want the Court to notice." (RJN Opp. 5, 7.)  But Plaintiff knows what facts Defendants are relying on because they are cited in the Motion, as the Response points out in the process of attacking those facts as irrelevant.  (*Id.* 6, 8.)  As the Request showed, the Court can take judicial notice of those exhibits to show disclosure of the information and that the market was aware of it.  (RJN 4.)

### IV.   CONCLUSION

For the foregoing reasons, and those set forth in the Request, Defendants respectfully request that the Court consider and/or take judicial notice of the contents of the documents attached as Exhibits 1-11 to the Anders Declaration.

DATED: March 6, 2025

*/s/ Ryan M. Keats*

Anna Erickson White
Ryan M. Keats
Lara Anders
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES,
LTD., WILLIAM MULLIGAN, and KAI
STROHBECKE

---

[3] As discussed above, Exhibits 2, 3, 5-9, and 11 should also be considered under the incorporation by reference doctrine, which is an independent basis for consideration.