YI-CHIN HO (CA SBN 204834)
yichin.ho@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars, 9th Floor
Los Angeles, CA 90067
Telephone: +1 (213) 613-2800
Facsimile: +1 (213) 613-2950

SHAHZEB LARI (*Pro Hac Forthcoming*)          KATHERINE TAYLOR (*Pro Hac Forthcoming*)
Shahzeb.Lari@hugheshubbard.com                Katherine.Taylor@hugheshubbard.com
HUGHES HUBBARD & REED LLP                     HUGHES HUBBARD & REED LLP
One Battery Park Plaza                        1775 I Street, N.W., Suite 600
New York, NY 10004                            Washington, D.C. 20006
Telephone: (212) 837-6000                     Telephone: (202) 721-4600
Facsimile: (212) 422-4726                     Facsimile: (202) 721-4646

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES, LTD.,
WILLIAM MULLIGAN, and KAI
STROHBECKE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT AND FOR JUDICIAL NOTICE**<br><br>Judge:    Hon. Edward M. Chen<br>Date:    October 23, 2025<br>Time:    1:30 p.m.<br>Courtroom: 5, 17th Floor |

Defendants Maxeon Solar Technologies, Ltd. ("Maxeon" or the "Company"), William Mulligan, and Kai Strohbecke (together with Maxeon, "Defendants") have moved to dismiss Plaintiff's Second Amended Class Action Complaint, Dkt. No. 91 (the "Second Amended Complaint"), filed on May 27, 2025. Defendants request that the Court consider documents incorporated by reference in the Second Amended Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Yi-Chin Ho (the "Y. Ho Declaration") in support of Defendants' Motion to Dismiss.

## ARGUMENT

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [ ] motions to dismiss [in cases alleging securities fraud], in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1185 n.3, 1186 n.4, n.5 (9th Cir. 2024); *see also In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919–20 (N.D. Cal. 2020) ("[I]t is proper for a court to consider exhibits submitted with the complaint and documents whose contents are alleged in the complaint when their authenticity is not questioned[] . . . [i]n addition, a court may take judicial notice under Federal Rule of Evidence 201 pertaining to 'matters of public record' without converting a motion to dismiss to a motion for summary judgment.") (citation omitted). Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

The Court should consider **Exhibits 1–17** to the Y. Ho Declaration when ruling on Defendants' Motion to Dismiss because the court may consider the documents under the incorporation by reference and/or Rule 201 judicial notice doctrines. *See Habelt v. iRhythm Techs., Inc.,* No. 21-CV-00776-EMC, 2022 WL 971580, at *5 (N.D. Cal. Mar. 31, 2022) (noting that "courts in the Ninth Circuit routinely take judicial notice of: (i) documents filed with public authorities and (ii) documents published by the government itself[]") (internal citations omitted) ; *see also* April 28, 2025 Order Granting Defendants' Motion To Dismiss (the "Order"), 2 n.1.

## I.    THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT

"Under the doctrine of incorporation by reference, courts are permitted to consider a document 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *5 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). A document may be incorporated into a complaint if there is even just "a single reference to the document in [the complaint]" and that "reference is relatively lengthy[,]" *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *5 (citation omitted), or if the complaint does not explicitly mention the document but "assessing the sufficiency of a claim requires that the document at issue be reviewed," *Khoja*, 899 F.3d at 1002. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

Plaintiff cites and refers to **Exhibits 4–7** and **9–17** in the Second Amended Complaint. **Exhibits 9–12** are documents from which Plaintiff has excerpted the statements it claims were false and misleading. **Exhibits 13–15** contain Plaintiff's alleged corrective disclosures and are relied on heavily throughout the Second Amended Complaint. **Exhibits 4–7** and **16–17** are cited and relied on by Plaintiff to support his claims. The Court should consider the contents of these documents, all of which are incorporated by reference into the Second Amended Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶¶ |
|---|---|---|
| 4 | Maxeon's Form 20-F, as filed with the SEC on March 7, 2023 | 111 |
| 5 | Maxeon's Form 6-K, as filed with the SEC on August 10, 2023, attaching Exhibit 99.1 (Press release dated August 10, 2023) | 5; 56; 95 |
| 6 | Maxeon's Form 6-K, as filed with the SEC on August 10, 2023, attaching Exhibit 99.1 (Press release on second quarter 2023 financial results) and | 46 |

| | | |
|---|---|---|
| | Exhibit 99.2 (Financial results for the second quarter ended July 2, 2023) | |
| 7 | Transcript entitled "MAXN FQ2 2023 Earnings Call," from S&P Global, dated August 10, 2023 | 48; 57 |
| 9 | Maxeon's Form 6-K, as filed with the SEC on November 15, 2023, attaching Exhibit 99.1 (Press release on third quarter 2023 financial results) and Exhibit 99.2 (Financial results for the first quarter ended October 1, 2023) | 14; 80; 98; 103 |
| 10 | Transcript entitled "MAXN FQ3 2023 Earnings Call," from S&P Global, dated November 15, 2023 | 97; 100–102; 126; 129; 137–141; 148 |
| 11 | Maxeon's Form 6-K, as filed with the SEC on April 8, 2024, attaching Exhibit 99.1 (Press release) | 15; 105; 108; 133; 144 |
| 12 | Maxeon's Form 12b-25 Notification of Late Filing of a Form 20-F, as filed with the SEC on April 30, 2024 | 17; 86; 106 |
| 13 | Maxeon's Form 6-K, as filed with the SEC on May 30, 2024, attaching Exhibit 99.1 (Press release on first quarter 2024 financial results) and Exhibit 99.2 (Financial results for the first quarter ended March 31, 2024) | 18, 80, 87, 110 |
| 14 | Maxeon's Form 20-F, as filed with the SEC on May 30, 2024 | 42; 83; 87; 89; 92; 112; 155; |
| 15 | Transcript entitled "MAXN FQ1 2024 Earnings Call," from S&P Global, dated May 30, 2024 | 80; 90; 91; 93–94; 113–16; 134–35; 141; 145 |
| 16 | Maxeon's Form 6-K, as filed with the SEC on June 6, 2024 | 31 |
| 17 | Maxeon's Form 6-K, as filed with the SEC on December 2, 2024 | 21, 119–20, 122–23 |

## II.    THE COURT SHOULD ALSO CONSIDER CERTAIN DOCUMENTS SUBJECT TO JUDICIAL NOTICE

The doctrine of judicial notice provides an additional, independent ground for the Court to consider the exhibits submitted in support of Defendants' Second Motion to Dismiss. "Under the doctrine of judicial notice, courts may consider information 'not subject to reasonable dispute

because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Habelt*, 2022 WL 971580, at \*5 (quoting Fed. R. Evid. 201(b)). Courts routinely take judicial notice: (1) of documents filed with public authorities such as the SEC, (2) investor call transcripts, and (3) documents published by the government. *See id.* at \*5-6. All the exhibits submitted in conjunction with the Y. Ho Declaration are such documents — they were filed with the SEC and/or constitute transcripts of investor calls. These exhibits are not subject to reasonable dispute, are publicly available through online resources, and comply with the requirements for application of Fed. R. Evid. 201(b); thus, the Court should consider the exhibits under the doctrine of judicial notice, including **Exhibits 1–3** and **Exhibit 8**.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider and/or take judicial notice of the contents of the documents attached as **Exhibits 1-17** to the Y. Ho Declaration.

DATED: July 11, 2025

/s/ Yi-Chin Ho

Yi-Chin Ho

HUGHES HUBBARD & REED LLP
YI-CHIN HO
SHAHZEB LARI (*Pro Hac Forthcoming*)
KATHERINE TAYLOR (*Pro Hac Forthcoming*)

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES, LTD.,
WILLIAM MULLIGAN, and KAI
STROHBECKE