Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com

Robert W. Killorin (appearance *pro hac vice*)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email: rkillorin@faruqilaw.com

*Attorneys for Lead Plaintiff
Jeyakumar VS Menon*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | Case No. 3:24-cv-03869-EMC<br><br>**LEAD PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT AND FOR JUDICIAL NOTICE**<br><br><u>**CLASS ACTION**</u><br><br>Judge:  Hon. Edward M. Chen<br>Date:    October 23, 2025<br>Time:   1:30 p.m.<br>Courtroom:   5 – 17th Floor |

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

Lead Plaintiff Jeyakumar VS Menon ("Plaintiff") respectfully submits this memorandum of points and authorities in opposition to Defendants' Request for Consideration of Documents Incorporated by Reference into Plaintiff's Second Amended Complaint and for Judicial Notice ("Request for Judicial Notice" or "RJN"), ECF No. 102, concurrently filed with Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("Motion to Dismiss" or "MTD"), ECF No. 100.[1]

## INTRODUCTION

Defendants previously asked the Court to consider 11 extraneous documents in support of their motion to dismiss the original complaint (ECF No. 72), which Plaintiff opposed on certain narrow grounds. ECF No. 80.  In its dismissal Order ("Order," ECF No. 90), the Court took note of Defendants' use of certain exhibits and overruled Plaintiff's objections:

> Plaintiff has raised certain objections to the request for judicial notice. Objections based on relevance are overruled. Even if a document is **dated outside of the class period**, it can still provide **context to the dispute between the parties**, including what was the mix of information known to investors. Objections that documents may not be considered for the truth (but rather only for what they say) are **moot**. Defendants are relying on the documents to show what information was known to investors, and not the truth.

Order 2 n.1 (emphasis added).

Defendants now ask the Court to consider 10 of the same documents previously ruled on by the Court and an additional 7 new extraneous documents in support of their Motion to Dismiss

With respect to the 10 documents resubmitted, Plaintiff accepts the Court's prior ruling as to those documents and will not revisit those rulings.

Further, Plaintiff does not object to consideration of the following four additional new documents proffered by Defendants but respectfully asks the Court not to consider them for the truth of any fact asserted within these documents:

- August 10, 2023 Form 6-K (Ex. 6);

---

[1]    Unless stated otherwise, the following conventions apply: (1) "SAC" or "Second Amended Complaint" refers to Plaintiff's Second Amended Class Action Complaint, ECF No. 91; (2) all "¶" references are to the SAC; (3) all capitalized terms mean the same as in the SAC; (4) all citations, internal quotation marks, and footnotes are omitted; and (5) all emphases are added.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

- May 30, 2024 Form 20-F (Ex. 14);

- June 6, 2024 Form 6-K (Ex. 16); and

- December 2, 2024 Form 6-K (Ex. 17).

With respect to the remaining 3 documents, Plaintiff objects on the grounds that they are vague and ambiguous, and Defendants do not specify, as they are required to do, which facts in the documents they request the Court take judicial notice of. These documents are not cited in the SAC and they fall outside the Class Period. These documents are the following filings with the SEC made by Maxeon:

- March 24, 2022 Form 20-F (Ex. 1);

- August 18, 2022 Form 6-K (Ex. 2); and

- August 12, 2021 Form 6-K (Ex. 3).

## LEGAL STANDARDS

On a Rule 12(b)(6) motion, all well-pled facts must be deemed true, and all reasonable inferences must be drawn in favor of the nonmoving party. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts are precluded from considering evidence extrinsic to the complaint unless (1) the document is incorporated by reference from the complaint, or (2) the fact is subject to judicial notice pursuant to Fed. R. Evid. 201 because it is (a) generally known within the trial court's territorial jurisdiction, or (b) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018). Even when one of these narrow exceptions applies, the Court should only consider materials outside the pleadings to establish the truth of their existence, not the truth of their contents. Should the court go beyond these requirements, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and provide Plaintiff with an opportunity to respond after having conducted sufficient discovery under Fed. R. Civ. P. 56(d).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

A.    The Incorporation By Reference Standard

It is well established that, when deciding a Rule 12(b)(6) motion, the court must only consider the complaint and documents incorporated by reference into the complaint, such that the complaint "relies upon [the] document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

A court "may, but is not required to incorporate documents by reference." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The incorporation by reference doctrine is "a narrow exception," as the risk of considering certain documents "as part of the pleadings at this stage could expand the narrow exception [of incorporation by reference] and blur the distinction between a motion for summary judgment and a motion to dismiss." *MS & Sons Hospitality LLC v. DB Ins. Co., Ltd.*, 2020 WL 7263536, at *4 (C.D. Cal. Oct. 22, 2020); *see also McCrary v. Elations Co., LLC*, 2014 WL 12591473, at *4 (C.D. Cal. Mar. 24, 2014) ("the incorporation by reference doctrine is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment").

Indeed, "the mere mention of the existence of a document [in a complaint] is insufficient to incorporate the contents of a document[.]" *Orexigen*, 899 F.3d at 1002 (citing *Coto Settlement*, 593 F.3d at 1038); *see also Drussel v. Elko Cnty. Sch. Dist.*, 2013 WL 3353531, at *2-3 (D. Nev. July 2, 2013) (declining to consider documents incorporated by reference because they were neither "central to plaintiff's claims [n]or referred to extensively in the complaint"); *Gregoire v. United Healthcare Servs., Inc.*, 2018 WL 4635630, at *1-3 (N.D. Cal. Sept. 27, 2018) (rejecting incorporation by reference argument because plaintiff's complaint only "generally refer[red]" to defendants' proffered documents and plaintiff's claims did not "necessarily depend[]" on them either); *cf. Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (noting that multiple Circuits have rejected the "fantastic argument" that even facts contained in an attachment *to a complaint* should automatically be deemed facts alleged as part of the complaint).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**

Moreover, the incorporation by reference doctrine is not a license for Defendants to poison the well with self-serving inadmissible hearsay on a Rule 12(b)(6) motion to dismiss. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.  This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Orexigen*, 899 F.3d at 1003; *see also Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *4 (N.D. Cal. May 24, 2016).  Indeed, "were the Court to assume the truth of all documents incorporated by reference . . . , that would mean assuming the truth of all of Defendants' allegedly false or misleading statements.  That cannot be the intended result of the cases Defendants cite, or it would be impossible ever to successfully plead a fraud claim." *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014); *accord Orexigen*, 899 F.3d at 1015.

Furthermore, if a "document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Orexigen*, 899 F.3d at 1002.

Finally, as the *Orexigen* decision noted, a court considering a document as being incorporated by reference must still do so within the limits of Rule 12(b)(6). *See id.* at 1003.  That is, "even when the court is allowed to consider these extrinsic materials, it must do so under the appropriate standard of Rule 12(b)(6), so that materials must be viewed in the light most favorable to the plaintiffs, and all reasonable inferences from them must be drawn in plaintiff's favor."  2-12, James Wm. Moore, *et al.*, *Moore's Federal Practice*, §12.34[2] (2015).

**B.      Judicial Notice Under Federal Rule of Evidence 201**

Under Rule 201 of the Federal Rules of Evidence, a court is permitted to consider matters extraneous to the complaint by taking judicial notice of the adjudicative facts that are not subject to reasonable dispute because they are: (1) generally known within the trial court's territorial jurisdiction ("Generally Known"); or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ("Readily Determinable").  Fed. R. Evid. 201(b);

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

*see also Sachs v. Republic of Austria*, 737 F.3d 584, 596 n.10 (9th Cir. 2013), *rev'd on other grounds by OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015).

Therefore, to determine whether a fact is a proper subject for judicial notice, the court must first determine whether the fact at issue is an "adjudicative fact"—*i.e.*, a fact relevant to the case. *See* 21B Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Practice & Procedure: Evidence §5103 (2d ed. May 21, 2025); *see also* Fed. R. Evid. 201(a) advisory committee's note to 1972 Proposed Rules ("Adjudicative facts are simply the facts of the particular case"); *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) ("adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses.").

The Court must then determine whether the fact is either Generally Known or Readily Determinable. *See* Fed. R. Evid. 201(b). "The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a high degree of indisputability." *Stitt v. S.F. Mun. Transp. Agency*, 2013 WL 121259, at *2 (N.D. Cal. Jan. 8, 2013). Indeed, these facts must either be: (i) "generally known within the trial court's territorial jurisdiction"; or (ii) "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid 201 (b)(1)-(2). Accordingly, "a court cannot take judicial notice of disputed facts." *Orexigen*, 899 F.3d at 999; *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 4199273, at *3 (N.D. Cal. Sept. 15, 2021) ("[t]he Court does not take judicial notice of the truth of the contents that are subject to reasonable dispute.").

***As the party requesting judicial notice, Defendants bear the burden of identifying the adjudicative fact they want the Court to notice, specifying how the fact is relevant, and establishing that the fact is properly subject to judicial notice either because it is Generally Known or Readily Determinable.*** *See* Fed. R. Evid. 201(c)(2).

Furthermore, when taking judicial notice of public documents on a motion to dismiss, a court may not assume the truth of the factual matters asserted therein. *See Dicey v. Pickens*, 506 F. App'x 647, 648 (9th Cir. 2013) (finding district court properly rejected request for judicial notice

5

when the plaintiff "sought to have the documents complained of admitted for the truth of the facts contained therein" because "[t]hose facts are not the proper subject of judicial notice"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (judicial notice taken of materials discussed in complaint but not for the truth of all matters asserted where plaintiffs had objected that "it is impermissible at the pleading stage for the court to take judicial notice of facts that are substantively in dispute, and which go to the merits of plaintiffs' claims").[2]

**ARGUMENT**

**I.    EXHIBITS 1-3 SHOULD NOT BE CONSIDERED BECAUSE THEY FALL OUTSIDE THE CLASS PERIOD AND ARE NOT RELIED ON BY THE SAC**

Defendants' request to introduce uncited documents from outside the Class Period should be rejected. Defendants seek to introduce the following documents prior to the start of the Class Period: Maxeon's March 24, 2022 Form 20-F (Ex. 1), August 18, 2022 Form 6-K (Ex. 2), and August 12, 2021 Form 6-K (Ex. 3).  None of these documents are relied on by the SAC.

Defendants justify the introduction and reliance on these documents in support of their Motion to Dismiss on the grounds that SEC filings and transcripts are publicly available, and courts routinely take judicial notice of SEC filings and earning call transcripts (RJN 3-4). These arguments are not convincing.

Just because a document is publicly available "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Orexigen*, 899 F.3d at 999.  Indeed, the party seeking judicial notice must identify which facts are at issue.  Fed. R. Evid. 201(c)(2).  Where a party fails to clearly identify such facts—as Defendants do here—it is proper to deny the request. *See Cota v. Aveda Corp.,* 2020 WL 6083423, at *10 (S.D. Cal. 2020) ("Due to Defendant's failure to specify of which facts it would like the Court to take judicial notice, the Court denies

---

[2]    Defendants' cases to the contrary are easily distinguishable.  For example, in *Habelt*, the documents defendants sought to incorporate by reference were "extensively quoted by the SAC" 2022 WL 971580, at *6. RJN 2. Similarly, in *In re NVIDIA Corp. Securities Litigation*, Defendants sought to incorporate by reference the declaration of an outside witness which plaintiffs attached, cited to extensively, and relied upon in their complaint to plead their claims. 768 F.3d 1046, 1057-59 & n.10 (9th Cir. 2014). RJN 2.

6

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

Defendant's request for judicial notice as vague and ambiguous.").

Here, Defendants fail to justify the introduction of these documents. The brief in support of the Motion to Dismiss does not reference Exhibits 1 or 2 at all, much less offer the specific adjudicative fact from those documents they want the Court to notice.  The only reference to these exhibits appears to be vaguely made in a footnote citing "Appendix B," which is a collection of the inadequate boilerplate risk disclosures from Exhibits 1 and 2 (and other exhibits submitted). MTD 9 n.4; *Howell v. State of Cal.*, 2019 WL 2076395, at *2 n.1 (E.D. Cal. May 10, 2019) (denying judicial notice requests where "the Court cannot determine whether the requests contain information relevant or necessary to Plaintiff's allegations" and where "Plaintiff has failed to supply the necessary information to support the requests.").

In the only two cases Defendants cite to support consideration of these types of documents, the plaintiff either did "not oppose [d]efendants' request to consider the contents of [the] [e]xhibits," *Habelt v. iRhythm Technologies, Inc.*, 2022 WL 971580, at *5 (N.D. Cal. Mar. 31, 2022) (RJN 1-2, 4), or the request involved exhibits relevant to plaintiff's claims and published within the relevant class period or just days after. *In re Tesla, Inc. Sec. Litig.,* 477 F. Supp. 3d 903, 919-20 (N.D. Cal. 2020), No. 3:18-cv-04865-EMC, ECF No. 229 at 1 ¶4; 4 ¶¶21-24 (N.D. Cal. Nov. 22, 2019) (four of the five documents sought to be introduced through judicial notice fell within the ten-day class period with the other document dated just two days after).

That said, if the Court were to take judicial notice of the SEC filings, it should not do so for purposes of assuming the truth of its contents. *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1063-64 (C.D. Cal. 2012) (refusing to accept as true the contents of statements contained in SEC filings, when defendants referred to them for their truth).

## II.   EXHIBITS 6, 14, 16 AND 17 MAY BE CONSIDERED BUT NOT FOR THEIR TRUTH

Plaintiff does not object to the Court's consideration of Exhibits 6, 14, 16, and 17 consisting of SEC filings that are cited in the SAC.  However, the Court may only consider these exhibits for their existence and may not assume the truth of the disputed facts therein.  *See In re Solarcity Corp.*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE     Case No. 3:24-cv-03869-EMC**

*Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (rejecting defendants' argument that "once documents are referenced in a complaint the entire document is assumed to be true for the purposes of a motion to dismiss.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to consider Exhibits 1-3 as they fall outside the Class Period and are not relied on by Plaintiff in the SAC. Plaintiff does not object to Exhibits 6, 14, 16, and 17, but respectfully asks the Court not to consider them for the truth of any fact asserted within any of Defendants' exhibits in support of any factual contention raised by Defendants in support of their Motion to Dismiss. Plaintiff does not challenge the Court's prior ruling regarding the following documents: Exhibits 4, 5, 7-13, and 15.

Dated:  August 8, 2025                          Respectfully submitted,

                                                By: /s/ *James M. Wilson, Jr.*
                                                        James M. Wilson, Jr.

                                                James M. Wilson, Jr. (appearance *pro hac vice*)
                                                **FARUQI & FARUQI, LLP**
                                                685 Third Avenue, 26th Floor
                                                New York, NY 10017
                                                Telephone: 212-983-9330
                                                Facsimile: 212-983-9331
                                                Email: jwilson@faruqilaw.com

                                                Robert W. Killorin (appearance *pro hac vice*)
                                                **FARUQI & FARUQI, LLP**
                                                3565 Piedmont Road NE Building Four
                                                Suite 380
                                                Atlanta, GA 30305
                                                Telephone: 404-847-0617
                                                Facsimile: 404-506-9534
                                                Email: rkillorin@faruqilaw.com

                                                Lisa T. Omoto SBN 303830
                                                **FARUQI & FARUQI, LLP**
                                                1901 Avenue of the Stars, Suite 1060
                                                Los Angeles, CA 90067
                                                Telephone: 424-256-2884
                                                Facsimile: 424-256-2885
                                                E-mail: lomoto@faruqilaw.com

8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE      Case No. 3:24-cv-03869-EMC**

*Attorneys for Lead Plaintiff*
*Jeyakumar VS Menon and Lead*
*Counsel for the putative Class*

9

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENT INCORPORATED INTO COMPLAINT AND FOR JUDICIAL NOTICE    Case No. 3:24-cv-03869-EMC**