YI-CHIN HO (CA SBN 204834)
yichin.ho@hugheshubbard.com
HUGHES HUBBARD & REED LLP
1999 Avenue of the Stars, 9th Floor
Los Angeles, CA 90067
Telephone: +1 (213) 613-2800
Facsimile: +1 (213) 613-2950

SHAHZEB LARI (*Pro Hac Forthcoming*)          KATHERINE TAYLOR (*Pro Hac Forthcoming*)
Shahzeb.Lari@hugheshubbard.com                Katherine.Taylor@hugheshubbard.com
HUGHES HUBBARD & REED LLP                     HUGHES HUBBARD & REED LLP
One Battery Park Plaza                        1775 I Street, N.W., Suite 600
New York, NY 10004                            Washington, D.C. 20006
Telephone: (212) 837-6000                     Telephone: (202) 721-4600
Facsimile: (212) 422-4726                     Facsimile: (202) 721-4646

Attorneys for Defendants
MAXEON SOLAR TECHNOLOGIES, LTD.,
WILLIAM MULLIGAN, and KAI
STROHBECKE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEYAKUMAR VS MENON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXEON SOLAR TECHNOLOGIES, LTD., WILLIAM MULLIGAN, and KAI STROHBECKE,<br><br>Defendants. | CASE NO. 3:24-CV-03869-EMC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT AND FOR JUDICIAL NOTICE**<br><br><u>CLASS ACTION</u><br><br>Judge:  Hon. Edward M. Chen<br>Date:  October 23, 2025<br>Time:  1:30 p.m.<br>Courtroom:  5, 17th Floor |

## **TABLE OF CONTENTS**

**Page**

**I.**     PLAINTIFF'S OBJECTIONS TO THE RJN HAVE NO MERIT ..........................................1

**II.**    CONCLUSION........................................................................................................................2

REPLY ISO DEFENDANTS' REQUEST FOR
CONSIDERATION AND JUDICIAL NOTICE          i                    CASE NO. 3:24-CV-03869-EMC

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cota v. Aveda Corp.*, 2020 WL 6083423 (S.D. Cal. Oct. 14, 2020) ..................................................... 2

*Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580 (N.D. Cal. Mar. 31, 2022) ................................... 2

*Howell v. California*, 2019 WL 2076395 (E.D. Cal. May 10, 2019) .................................................. 2

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007) ......................................................... 1

*Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085 (N.D. Cal. 2017) ............................................. 2

**Rules**

Fed. R. Evid. 201(b)(1)-(2) ................................................................................................................... 2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit this reply memorandum in further support of their Request for Consideration of Documents Incorporated into Plaintiff's Second Amended Complaint and for Judicial Notice, dated July 11, 2025 (the "RJN," ECF 102).[1]

## I.    PLAINTIFF'S OBJECTIONS TO THE RJN HAVE NO MERIT

The RJN requests the Court to consider 17 documents (**Exhibits 1-17**) in support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF 100). Those documents are either referenced and relied on in the Second Amended Complaint or properly considered under the doctrine of judicial notice. Plaintiff does not object to the Court's consideration of **Exhibits 4-17,**[2] but opposes consideration of three of Maxeon's SEC filings (**Exhibits 1–3)** under the judicial notice doctrine on the grounds that they fall outside the class period alleged in the Second Amended Complaint and that Defendants do not explain what facts in **Exhibits 1-3** they are seeking judicial notice for. Both contentions are frivolous.

*First*, as the Court has already found, "[e]ven if a document is dated outside of the class period, it can still provide context to the dispute between the parties, including what was the mix of information known to investors." Order, 2 n.1; *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [ ] motions to dismiss [in cases alleging securities fraud], in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

*Second*, there is no ambiguity about which particular portions of **Exhibits 1–3** Defendants request the Court to take notice of. Page 1 of **Exhibit 3** is cited in the Motion to Dismiss to support statements regarding Maxeon's plans to build a manufacturing facility in the United States in August 2021. *See* ECF 100 at 2. Appendix B to the Motion to Dismiss identifies the specific cautionary

---

[1]    Unless otherwise defined, capitalized terms have the same meaning as in the RJN.
[2]    Plaintiff argues that Exhibits 6, 14, 16 and 17 should not be considered for their truth but this is a non-issue. Defendants "rely[] on the documents to show what information was known to investors, and not the truth." April 28, 2025 Order Granting Defendants' Motion To Dismiss (the "Order," ECF 90) at 2 n.1.

language in **Exhibits 1-2** that Defendants rely on and request the Court to consider. *See* ECF 100 at 9 n.4; Appendix B at 1 (citing page 14 of **Exhibit 1** and pages 24–25 of **Exhibit 2**). That is clearly sufficient for purposes of judicial notice. *See Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at *6 (N.D. Cal. Mar. 31, 2022); Fed. R. Evid. 201(b)(1)-(2).[3]

## II.      CONCLUSION

For the foregoing reasons, the Court should grant the RJN in its entirety.

DATED: August 22, 2025                            HUGHES HUBBARD & REED LLP
                                                 YI-CHIN HO
                                                 SHAHZEB LARI (*Pro Hac* Forthcoming)
                                                 KATHERINE TAYLOR (*Pro Hac* Forthcoming)


                                                 */s/ Yi-Chin Ho*
                                                 Yi-Chin Ho

                                                 Attorneys for Defendants
                                                 MAXEON SOLAR TECHNOLOGIES, LTD.,
                                                 WILLIAM MULLIGAN, and KAI STROHBECKE

---

[3]      The cases cited by Plaintiff do not alter the analysis. *See, e.g.*, *Cota v. Aveda Corp.*, 2020 WL 6083423, at *10 (S.D. Cal. Oct. 14, 2020) (denying request for judicial notice of "nine different legal opinions" where "Defendant fails to specify what facts, if any, it would like the Court to take judicial notice of—i.e., the existence of the opinion, that the Court comes to a certain holding, or the facts of the opinion[]"); *Howell v. California*, 2019 WL 2076395, at *2, *2 n.1 (E.D. Cal. May 10, 2019) (denying request for judicial notice from pro se plaintiff whose complaint was "disjointed, unclear, difficult to read, difficult to understand and peppered with references to various statutory and code provisions[]").